**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Jason DREVES, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 7, 2002.
Filed Dec. 23, 2003.

---

John D. Broda, Sunbury, for appellant.

Ann Targonski, Asst. Dist. Atty., Sunbury, for Com., appellee.

Before: DEL SOLE, P.J., McEWEN, P.J.E., HUDOCK, JOYCE, STEVENS, TODD, KLEIN, BENDER and GRACI, JJ.

JOYCE, J.

¶ 1 Jason Dreves appeals from the judgment of sentence entered on May 10, 2001 following his guilty plea to aggravated harassment by prisoner and terroristic threats.[2] After review, we quash this appeal.

¶ 2 The underlying facts and procedural history of this case are as follows. On August 15, 1999, while in the Shamokin City Police Department holding cell, Dreves spit at police officers. The saliva had blood mixed with it from a cut on Dreves' upper lip. Dreves also urinated and spit on the cell door handle and floor. N.T. Guilty Plea Hearing, 2/22/2001, at 5–6. In a separate incident, which took place on April 23, 2000, Dreves threatened Rhonda Gillam, who previously had witnessed him assault another man, Michael Deitz. Dreves told Gillam not to tell police that he had a knife in his possession at the time of the assault. *Id.* at 6.

¶ 3 As a result of these incidents, Dreves was arrested and subsequently entered into a plea agreement with the Commonwealth. In exchange for his guilty pleas to the above charges, the Commonwealth *nolle prossed* two counts of intimidation of a witness and one count of resisting arrest,[3] which also were filed against Dreves. The Commonwealth additionally agreed to the imposition of a sentence in the lower end of the standard range of the Sentencing Guidelines for Dreves' conviction of terroristic threats. Finally, the Commonwealth agreed to the imposition of a concurrent sentence for Dreves' conviction of aggravated harassment by prisoner.

¶ 4 On May 10, 2001, for his conviction of terroristic threats, the trial court sentenced Dreves to a prison term of 163 days already served to two years, a sentence at the lower end of the standard range of the Sentencing Guidelines. For his conviction of aggravated harassment by prisoner, the trial court sentenced Dreves to a concurrent prison term of 335 days of time already served to five years. The certified record shows that on the same date sentence was imposed (May 10, 2001), Dreves and his counsel signed a document entitled "Post Sentencing Procedures" and subtitled "Defendant's Acknowledgment of Post Sentencing Procedures." This document informed Dreves and his counsel, *inter alia,* that: a post-sentence motion must be in writing; a post-sentence motion must be filed within ten days of sentencing; a post-sentence motion must state with specificity and particularity the grounds for the relief

---

2. 18 Pa.C.S.A. §§ 2703.1, and 2706.

3. 18 Pa.C.S.A. §§ 4952(a)(2), 4952(a)(3), and 5104.

requested; if a post-sentence motion is filed, the sentencing court must render a decision on the motion within 120 days; appeals to a higher court following the imposition of sentence are taken to the Pennsylvania Superior Court by filing a notice of appeal; if a post-sentence motion was filed, the appeal to the Superior Court cannot be taken until the trial judge disposes of the motion; notice of appeal must be filed within 30 days of the disposition of the post-sentence motion; and if no post-sentence was filed, the notice of appeal must be filed within 30 days of the date of sentencing.

¶ 5 Despite the above information provided to Dreves and his counsel, Dreves did not file a post-sentence motion within ten days of the imposition of sentence. Rather, on May 30, 2001, twenty days after the imposition sentence, Dreves filed a motion entitled "Motion to Modify Sentence or Withdraw Guilty Plea Nunc Pro Tunc." On August 3, 2001, after a hearing, the trial court entered an order (docketed August 6, 2001) denying the motion. On September 4, 2001, Dreves filed the instant appeal. The single question presented is "whether the court abused [its] discretion by accepting a plea agreement then imposing a sentence [sic] where the minimum sentence imposed was greater than that bargained for?" Brief for Dreves, at 5 (full capitalization omitted).

¶ 6 In a supplemental brief, the Commonwealth asks this Court to quash Dreves' appeal, claiming that the trial judge was without jurisdiction to rule on Dreves' untimely post-sentence motion, and that the instant appeal was filed more than 30 days after the imposition of sentence. The Commonwealth contends that

because the post-sentence motion was untimely, it did not toll the 30–day period within which an appeal must be filed following the imposition of sentence.[4] We agree.

¶ 7 Rule 720(A)(1) of the Pennsylvania Rules of Criminal Procedure provides as follows: "(1) Except as provided in paragraph (D) [dealing with summary cases], a written post-sentence motion shall be filed no later than 10 days after imposition of sentence." *Id.* Dreves was sentenced on May 10, 2001. Pursuant to Rule 720(A)(1), Dreves had ten days from May 10, 2001 to file his post-sentence motion. Dreves filed his post-sentence motion on May 30, 2001. This motion was clearly untimely.

¶ 8 Despite the untimeliness, the trial court held a hearing and denied the motion on August 6, 2001. Dreves filed his notice of appeal on September 4, 2001. This notice of appeal was filed more than thirty days after the date of imposition of sentence (May 10, 2001). Ordinarily, if a defendant does not file a post-sentence motion, the defendant's notice of appeal shall be filed within 30 days of imposition of sentence. Pa.R.Crim.P. 720(A)(3). However, under Pa.R.Crim.P. 720(A)(2):

(2) **If the defendant files a timely post-sentence motion**, the notice of appeal shall be filed:

(a) within 30 days of the entry of the order deciding the motion;

(b) within 30 days of the entry of the order denying the motion by operation of law in cases in which the judge fails to decide the motion; or

(c) within 30 days of the entry of the order memorializing the withdrawal in

---

4. Even if the Commonwealth did not raise this issue, it would have been proper for us to raise it *sua sponte. See Commonwealth v. Borrero*, 692 A.2d 158, 159 (Pa.Super.1997)

(the question of appealability implicates the jurisdiction of this Court and may be raised by this Court *sua sponte* ).

cases in which the defendant withdraws the motion.

*Id.* (emphasis added). From the above, it can be seen that the time for filing an appeal can be extended beyond 30 days after the imposition of sentence only if the defendant files a timely post-sentence motion. The Comment to Rule 720 emphasizes this point as follows: "If no timely post-sentence motion is filed, the defendant's appeal period begins to run from the date sentence is imposed." Thus, where the defendant does not file a timely post-sentence motion, there is no basis to permit the filing of an appeal beyond 30 days after the imposition of sentence. This interpretation of Rule 720 is amply supported by this Court's recent decision in *Commonwealth v. Bilger*, 803 A.2d 199 (Pa.Super.2002), *appeal denied*, 572 Pa. 695, 813 A.2d 835 (2002) in which we stated:

> As can be readily observed by reading the text of Rule of Criminal Procedure 720, ordinarily, when a post-sentence motion is filed an appellant has thirty (30) days from the denial of the post-sentence motion within which to file a notice of appeal. However, by the explicit terms of Pa.R.Crim.P. 720(A)(2), the provision allowing thirty days from the denial of post-trial motions is contingent upon the timely filing of a post-trial motion.

*Bilger*, 803 A.2d at 201. We further opined that "in order for the denial of post-sentence motions to become the triggering event, **it is necessary that the post-sentence motions be timely filed.** Second, absent a timely filed post-sentence motion, the triggering event remains the date sentence is imposed." *Id.* at 202 (emphasis added).

¶ 9 In the case at bar, since Dreves did not file a timely post-sentence motion, his appeal period began to run from the date sentence was imposed, i.e., May 10, 2001. Accordingly, Dreves' notice of appeal, which was filed on August 4, 2001, almost four months after the imposition of sentence, was clearly untimely. *See* Pa.R.A.P. 903(a) ("Except as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken"). We are therefore, constrained to quash Dreves' appeal as untimely. *See Commonwealth v. Anwyll*, 333 Pa.Super. 453, 482 A.2d 656, 657 (1984) (it is well established that when an Act of Assembly fixes the time within which an appeal may be taken, a court may not extend the time for filing an appeal).

¶ 10 In a recent *en banc* decision, *Commonwealth v. Felmlee*, 828 A.2d 1105, 1107 n. 1 (Pa.Super.2003), this Court observed that:

> Only a timely-filed post-sentencing motion will trigger an extension of the time for filing a notice of appeal. Pa. R.Crim.P. 720(A)(2). If indeed Appellant's motion was untimely filed, the notice of appeal subsequently filed after the trial court considered and ruled on Appellant's motion, in excess of 30 days from the original judgment of sentence, would be untimely. Pa.R.A.P. 720(A)(3) [sic⁵].

*Felmlee*, 828 A.2d at 1107 n. 1.

■ ¶ 11 We must point out that the instant case does not implicate a trial court's powers to act under 42 Pa.C.S.A. § 5505 which reads:

> Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any

---

**5.** The correct citation is Pa.R.Crim.P. 720(A)(3).

order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

*Id.* Herein, the trial court did not modify or rescind its order within 30 days after its entry, and the court did not vacate or modify Dreves' judgment of sentence within 30 days after entry. Thus, the present case must be controlled by the Rules of Criminal Procedure and the Rules of Appellate Procedure with respect to the timeliness of Dreves' post-sentence motion and the timeliness of this appeal. Furthermore, the instant case does not present a situation where a defendant filed a motion seeking permission to file a post-sentence motion *nunc pro tunc* and giving reasons why such permission should be granted. Dreves simply entitled his untimely post-sentence motion: "Motion to Modify Sentence or Withdraw Guilty Plea Nunc Pro Tunc." He did not seek permission to file the untimely post-sentence motion *nunc pro tunc* and he did not explain why his post-sentence motion was untimely and why that untimeliness should be overlooked. Consequently, the trial court was not presented with, and did not consider the reasons (if any) behind the untimeliness, and whether such reasons were sufficient to excuse the untimeliness.

■ ¶ 12 We recognize that under 42 Pa.C.S.A. § 5505, if no appeal had been taken, within 30 days after the imposition of sentence, the trial court has the discretion to grant a request to file a post-sentence motion *nunc pro tunc.* Consistent with this principle, we recently observed that the decision to allow the filing of a post-trial motion *nunc pro tunc* is vested in the discretion of the trial court

and that we will not reverse unless the trial court abused its discretion. *See Lenhart v. Cigna Companies,* 824 A.2d 1193, 1195 (Pa.Super.2003).

■ ¶ 13 To be entitled to file a post-sentence motion *nunc pro tunc,* a defendant must, within 30 days after the imposition of sentence, demonstrate sufficient cause, i.e., reasons that excuse the late filing.[6] Merely designating a motion as "post-sentence motion *nunc pro tunc*" is not enough. When the defendant has met this burden and has shown sufficient cause, the trial court must then exercise its discretion in deciding whether to permit the defendant to file the post-sentence motion *nunc pro tunc.* If the trial court chooses to permit a defendant to file a post-sentence motion *nunc pro tunc,* the court must do so expressly. In employing the above line of reasoning, we find instructive cases dealing with the restoration of direct appeal rights *nunc pro tunc.* In *Commonwealth v. Stock,* 545 Pa. 13, 679 A.2d 760, 764 (1996) for instance, our Supreme Court opined that in order for an appeal *nunc pro tunc* to be granted, the appellant would have to show an extraordinary circumstance wherein a direct appeal by right was lost. *Accord, Commonwealth v. Peterkin,* 554 Pa. 547, 722 A.2d 638, 643 n. 7 (1998). Similarly, in order for a petition to file a post-sentence motion *nunc pro tunc* to be granted, a defendant must, within 30 days after the imposition of sentence, demonstrate an extraordinary circumstance which excuses the tardiness.

■ ¶ 14 If the trial court does not expressly grant *nunc pro tunc* relief, the time for filing an appeal is neither tolled nor extended. The request for *nunc pro tunc* relief is separate and distinct from

---

6. The trial court's decision on a request to file a post-sentence motion *nunc pro tunc* must be rendered within 30 days of the imposition of sentence. *See* 42 Pa.C.S.A. § 5505. Likewise, any decision by the trial court to modify, rescind or vacate the sentence must be rendered within 30 days of the imposition of sentence. *Id.*

the merits of the underlying post-sentence motion. The trial court's resolution of the merits of the late post-sentence motion is no substitute for an order expressly granting *nunc pro tunc* relief. Also, when the trial court grants a request to file a post-sentence motion *nunc pro tunc*, the post-sentence motion filed as a result must be treated as though it were filed within the 10–day period following the imposition of sentence.

¶ 15 It is important to note that the trial court never expressly granted Dreves the permission to file a post-sentence motion *nunc pro tunc* in this case. The trial court did not even acknowledge that the post-sentence motion was untimely under Pa. R.Crim.P. 720(A)(1). Further, the trial court did not modify, rescind or vacate Dreves' sentence. Thus, 42 Pa.C.S.A. § 5505 is not implicated in this case despite the court's consideration of the merits of the untimely post-sentence motion. Besides, there is no authority for the proposition or suggestion that 42 Pa.C.S.A. § 5505 in and of itself excuses noncompliance with the time requirements for the filing of post-sentence motions under Pa. R.Crim.P. 720(A)(1) or the time requirements for the filing of a notice of appeal under Pa.R.Crim.P. 720(A)(2) and Pa. R.A.P. 903(a).

¶ 16 In conclusion, we reiterate the following: Dreves was sentenced on May 10, 2001. Dreves was provided with sufficient and accurate information regarding the time requirements for filing a post-sentence motion and for filing a notice of

appeal to this Court.[7] Yet, he did not file a timely post-sentence motion. Therefore, under Pa.R.Crim.P. 720(A)(3), Dreves was required to file his notice of appeal within 30 days of the date of imposition of sentence. Dreves filed his notice of appeal on September 4, 2001, more than 30 days after the imposition of sentence. Pa. R.Crim.P. 720(A)(2), which extends the time for filing an appeal does not apply to Dreves because he did not file a **timely** post-sentence motion. Since Dreves did not file a timely post-sentence motion and did not receive permission to file a post-sentence motion *nunc pro tunc*, he was required to file his notice of appeal within 30 days of his sentence which was imposed on May 10, 2001. Dreves' notice of appeal filed on September 4, 2001 was clearly untimely. Accordingly, we must quash this appeal.

¶ 17 Appeal quashed.

¶ 18 KLEIN, J. files a Dissenting Opinion in which P.J.E. McEWEN and BENDER, J. joins.

KLEIN, J., Dissenting.

¶ 1 While I would not give Dreves relief, I do not believe that we should quash his appeal but instead believe we should deny it on the merits.

¶ 2 In this case, the trial judge accepted a *nunc pro tunc* post-sentence motion which was filed ten days late and immediately acted on it. He scheduled the first hearing on that motion within thirty days

---

7. It is noteworthy that the present case does not involve a circumstance where the trial court misstated or misinformed the parties regarding the rules governing the time for filing a post-sentence motion or the time for filing an appeal. *Cf. Commonwealth v. Coolbaugh*, 770 A.2d 788, 791 (Pa.Super.2001) (declining to quash an untimely appeal where the untimeliness was attributable to the trial

court's misstatement of the appeal period, which operated as a breakdown in the court's operation); and *Commonwealth v. Bogden*, 364 Pa.Super. 300, 528 A.2d 168 (1987) (holding that an appeal would not be quashed as untimely when trial court misinformed the defendant by not advising him that an appeal had to be taken within thirty days of the imposition of sentence).

of the date of sentencing, while he still had jurisdiction over the case.

¶ 3 On appeal, in a supplemental brief, the Commonwealth asks this Court to quash the appeal, claiming that the trial judge was without power to accept the post-sentence motion *nunc pro tunc.* It claims the motion was untimely and a nullity and Dreves let run the 30–day period to appeal to our Court. The majority would quash. I respectfully disagree.

**1.  It was proper for the trial judge to entertain the post-sentence motion nunc pro tunc.**

¶ 4 Once 30 days run from the date of sentencing, a trial judge loses jurisdiction; however, within that 30–day period the trial judge still has jurisdiction. This jurisdiction is provided by 42 Pa.C.S.A. § 5505, which reads:

> Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

¶ 5 Whether a post-sentence motion under Pa.R.Crim.P. 720 is deemed timely or not is a procedural rule. Nothing within the rule takes away the court's inherent power to accept a filing *nunc pro tunc* within thirty days of sentence. Therefore, when the trial judge accepted the motion to modify sentence or withdraw his guilty plea *nunc pro tunc,* the judge considered it filed timely. Since this action occurred within 30 days of sentence, the trial court did have jurisdiction.

¶ 6 The sentencing was on May 10, 2001, and the docket reflects the motion to modify sentence or withdraw his guilty plea *nunc pro tunc* was filed on May 30, 2001. The docket reflects that the trial judge accepted the filing on the day it was filed and immediately scheduled a hearing for June 7, 2001, also within 30 days of sentencing.[8] The motion to modify sentence or withdraw guilty plea *nunc pro tunc* was ultimately denied on its merits.

¶ 7 The motion was denied by the trial court within 120 days of sentencing, as allowed by Pa.R.Crim.P. 720(B)(3)(a). As the trial judge accepted the motion *nunc pro tunc* and set a hearing date, he considered it timely filed. Therefore, once he considered it timely, under Pa.R.Crim.P. 720(B)(3) and 720(B)(3)(a), the trial judge is directed **not** to vacate sentence but to decide the motion within 120 days. The judge complied with that directive and I see no error in his doing so.

¶ 8 The case of *Commonwealth v. Fralic,* 425 Pa.Super. 581, 625 A.2d 1249 (1993) has relevance. Although a motion for reconsideration of sentence under the old post-verdict motion procedure was not allowed in that case. *Fralic* is instructive because the key fact was the inaction of the trial judge within 30 days of sentence. In *Fralic,* a timely motion to modify sentence was filed, and, although the judge held a hearing on an accompanying bail petition, he did nothing about the motion to modify sentence until three and one-half months later. Since nothing was done within 30 days of sentence, the Court's action was untimely. In this case, the trial judge accepted the *nunc pro tunc* motion and set a hearing date within 30 days of

---

**8.**  According to the request for continuance filed of record by Dreves' counsel, that hearing was continued because on June 6, 2001, Dreves was sent back to the state prison and was therefore unavailable. It took until August 3, 2001 until Dreves was returned to county custody and the hearing on the motion took place. It certainly was not Dreves' fault that he did not get to court to have a hearing within 30 days of sentencing.

sentencing. Therefore, he considered the motion timely. Because the new rule directs the judge not to vacate the sentencing order once he considers the motion timely filed,[9] the trial judge acted properly by setting a hearing date rather than vacating sentence. Although circumstances prevented the hearing from taking place within thirty days of sentencing as originally scheduled, the only conclusion one can reach when the judge schedules a hearing is that he is willing to accept the late-filed post-sentence motion *nunc pro tunc*.

¶ 9 The recent *en banc* decision of this Court, *Commonwealth v. Felmlee,* 828 A.2d 1105 (Pa.Super.2003), similarly supports this view. In *Felmlee,* the majority held that when a faxed post-sentence motion bearing a timely date was in the record, and the trial judge considered it, the motion should be deemed timely. The *Felmlee* court said:

> Although the motion was not docketed until two days later, it is apparent that the trial court accepted the facsimile, as it issued a Rule to Show Cause and reviewed the motion at a hearing where neither the court nor the parties commented about its receipt by fax or its timeliness.

*Id.* at 1107 In *Felmlee,* although there was a fax sent to the judge's chambers that bore a date within the ten days, the record of the clerk of court showed a filing twelve days after the sentence. There was no evidence that counsel made any service on the clerk prior to the date on the docket. The key therefore is that neither the trial court nor the parties objected to the fact that the filing might be a couple of days late.

¶ 10 Likewise, in the instant case, neither the trial court nor the Commonwealth

commented on or objected to the acceptance of the motion *nunc pro tunc*. A review of the transcript of the hearing on the motion to modify sentence held on August 3, 2001 reveals that while the assistant district attorney objected to the proposed withdrawal of the guilty plea on substantive grounds, she said nothing about the fact that the judge accepted the *nunc pro tunc* filing twenty days after sentence. In fact, even in its initial brief to this Court, the Commonwealth failed to object to the trial judge's acceptance of the motion *nunc pro tunc*. Within 30 days of sentencing, the trial judge retains discretion. While he could have vacated the sentence, he did not do so because he followed the alternative of accepting the filing *nunc pro tunc*, as if it were timely filed, and proceeded accordingly. *See* Pa. R.Crim.P. 720(B).

¶ 11 Therefore, I believe it is appropriate to consider the motion accepted as timely filed by the trial judge and therefore to review the merits. It is the function of this Court to consider the merits of appeals to insure that at the trial court level the parties received a fair trial and the judge followed the law. We should not be so quick to find technicalities to deprive parties of their right to appeal. See Pa. R.Crim.P. 101 ("**Purpose and Construction** (A) These rules are intended to provide for the *just determination* of every criminal proceeding. (B) These rules shall be construed to secure *simplicity in procedure, fairness in administration, and the elimination of unjustifiable expense and delay.*")(emphasis added).

**2. The judge did not abuse his discretion in refusing to modify sentence or allow the withdrawal of the plea.**

¶ 12 I note that if we did reach the merits, we would have no trouble affirming

---

9. Pa.R.Crim.P. 720(B)(3).

the trial court. Dreves claims that the trial court abused its discretion by accepting his plea agreement, but then imposed a minimum sentence greater than the sentence agreed to by Dreves. According to Dreves, he tendered his guilty pleas in exchange for a sentence at the lower end of the standard range for his conviction of aggravated harassment by prisoner. He claims that he should have been permitted to withdraw his plea because the trial court sentenced him near the high end of the standard range for that charge. However, Dreves did not present this claim in his motion to modify his sentence or withdraw his guilty plea, or at the hearing on this motion.

¶ 13 In his motion, Dreves stated, in relevant part, as follows:

At sentencing, probation informed [Dreves] that he would probably wait sixty days before parole from the State Correctional Institution.

\*   \*   \*   \*   \*   \*

[Dreves] believes and therefore avers that pursuant to state parole policies, because he has been convicted of Aggravated Harassment by a Prisoner, he would not [be] eligible for parole until [after] serving eighty-five percent (85%) of his maximum sentence.

\*   \*   \*   \*   \*   \*

[Dreves] believes and therefore avers that serving eighty-five percent of five years state time would be contrary to the spirit of the sentence which imposed time served.

Motion to Modify, 5/30/01, at ¶¶ 5–7. Dreves did not claim that the trial court imposed a sentence greater than the sen-

tence specified by the plea agreement. At the hearing on Dreves's motion, his counsel presented the following explanation of Dreves's claim:

We're not arguing the legality of the sentence that was imposed. What we're here to do basically, as I told my client, is throw ourselves at the mercy of the court.

After the sentence was imposed, my client spoke to people and it became his belief he would have to spend 85% of his maximum in state prison because of the current trend of violent offenders not being released upon their earliest parole time.

\*   \*   \*   \*   \*   \*

The reason we filed the Motion is that it was our belief that the court intended to impose a time served sentence and then have Mr. Dreves under state supervision upon being paroled. As a technical matter, that's exactly what has happened.

But as a practical matter, he will have to spend much more time in prison then he actually had time served at the time of his guilty plea. So we're basically asking the Court to do whatever it can to do [to implement] what we thought was the Court's intention at the beginning.

(N.T., 8/3/01, at 2–3.)

¶ 14 It is apparent that counsel for Dreves did not raise the issue that the trial court imposed a sentence greater than that specified in the plea agreement. Because the issue Dreves raises on appeal was not first presented to the trial court, the trial court was unable to address the issue in a 1925(a) opinion, so it is waived.[10] *See* Pa.

---

10. Even if Dreves had properly preserved this claim, he would not be entitled to relief. The standard for the withdrawal of a guilty plea after sentencing requires a showing of prejudice on the order of manifest injustice. *Com-*

*monwealth v. Carpenter*, 555 Pa. 434, 725 A.2d 154, 164 (1999). "A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently." *Commonwealth v. Stork*, 737 A.2d 789,

R.A.P. 302(a) (claim cannot be raised for the first time on appeal); *Commonwealth v. Lopata,* 754 A.2d 685, 689 (Pa.Super.2000) (same).

¶ 15 Although I believe it improper to quash the appeal, I would affirm the judgment of sentence.

¶ 16 P.J.E. McEWEN and BENDER, J. join this Dissenting Opinion.

790 (Pa.Super.1999) (citation omitted). At the guilty plea hearing, the trial court summarized the sentencing terms of Dreves's plea agreement as follows:

> [O]n the Aggravated Harassment by a Prisoner, the maximum punishment is seven years in prison, fine of $15,000 or both. On the Terroristic Threats, it is five years in jail and up to a $10,000 fine or both. Under the law, the sentences could run consecutively, that means one after the other.
>
> There is a plea agreement that the sentences would run concurrently, which means they run at the same time, and would be at the bottom of the standard range. At least that is on 99–905 [terroristic threats]. It is at the bottom of the standard range. On 1087 [aggravated harassment by prisoner] it says sentences to run concurrently.

(N.T., 2/22/01, at 5.) Dreves did not challenge the trial court's interpretation of the plea agreement. Moreover, at sentencing, Dreves's counsel reiterated the terms set forth above. (N.T., 5/10/01, at 2.) This evidence, the statements set forth in Dreves's motion to modify his sentence or withdraw his guilty plea, and the argument presented at the hearing on the motion, negate Dreves's claim of an unknowing plea and do not rise to the level of manifest injustice.