J-S57007-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ANTHONY BRACY, | : | |
| | : | |
| Appellant | : | No. 2052 EDA 2013 |

Appeal from the Judgment of Sentence May 23, 2013,
Court of Common Pleas, Philadelphia County,
Criminal Division at No. CP-51-CR-0002885-2012

BEFORE:  DONOHUE, MUNDY and STABILE, JJ.

MEMORANDUM BY DONOHUE, J.:                **FILED OCTOBER 10, 2014**

Anthony Bracy ("Bracy") appeals from the judgment of sentence entered on May 23, 2013 by the Court of Common Pleas of Philadelphia County, Criminal Division, following his convictions for aggravated assault,[1] simple assault,[2] and recklessly endangering another person.[3]  After careful review, we quash this appeal as untimely.

The trial court summarized the facts of this case as follows:

> On February 12, 2012, at approximately 5:30 p.m., Ms. Anna Hann was in her home at 1109 Philmore Street in the City and County of Philadelphia. Ms. Hann and her then boyfriend, [Bracy], were arguing because she was supposed to take him somewhere, but [Bracy] felt she was taking too long to get ready.

---

[1]  18 Pa.C.S.A. § 2702(a).

[2]  18 Pa.C.S.A. § 2701(a)(1).

[3]  18 Pa.C.S.A. § 2705.

> While Ms. Hann was sitting on her bed, [Bracy] was pacing and getting angry with her. [Bracy] then put both hands around Ms. Hann's throat, pushed her back onto the bed and, while on top of her, began strangling her. Ms. Hann could not breathe and unsuccessfully attempted to push [Bracy] off of her to get him to stop. She could not speak and was mouthing for him to stop. [Bracy] continued strangling Ms. Hann until she lost consciousness. When she woke up, Ms. Hann's ears were ringing and she could not see well. Ms. Hann had hand prints on both sides of her neck and was bleeding on the right side of her neck. Following the incident, Ms. Hann drove [Bracy] to a different location and proceeded to the Philadelphia Police 15th District to file a report. Officer Pawlowski took down her information and noticed that Ms. Hann was visibly upset, was complaining of pain around her entire neck, and had visible injuries on the right side of her neck. Ms. Hann informed Officer Pawlowski that [Bracy] had choked her. Following her discussion with Officer Pawlowski, Ms. Hann obtained an emergency protection from abuse order against [Bracy].
>
> After spending the night of February 12 at a friend's home, Ms. Hann returned to her apartment to gather some belongings on February 13. Ms. Hann was accompanied to her apartment by Philadelphia Police Officers Crosson and Putro. [T]he Officers entered the home first and found [Bracy] sitting on the couch inside. [Bracy] was then placed under arrest. Later that day, Detective Murray took Ms. Hann's statement and took pictures of her visible injuries.

Trial Court Opinion, 12/19/13, at 2-3 (record citations omitted).

On January 7, 2013, following trial, the trial court found Bracy guilty of the above-referenced crimes. On May 23, 2013, the trial court sentenced Bracy to a total of seven to 14 years of incarceration. On June 24, 2013,

Bracy filed a motion to modify sentence in which he asserted that his seven-to 14-year sentence was excessive. The trial court denied his motion to modify sentence that same day. On July 22, 2013, Bracy filed a notice of appeal. On August 20, 2013, the trial court ordered Bracy to file a concise statement of errors complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. On September 18, 2013, Bracy timely filed his Rule 1925(b) statement.[4]

On appeal, Bracy raises the following issue for our review: "Did not the lower court err and abuse its discretion by imposing a sentence that was manifestly excessive and relied on impermissible aggravating factors?" Bracy's Brief at 3. Before we address the merits of the issue Bracy purports to raise, we must first contemplate whether he timely filed the present appeal. "It is well settled that the timeliness of an appeal implicates our jurisdiction and may be considered *sua sponte*." **Commonwealth v. Crawford**, 17 A.3d 1279, 1281 (Pa. Super. 2011).

Rule 720(A)(1) of the Pennsylvania Rules of Criminal Procedure provides: "(1) Except as provided in paragraphs (C) and (D), a written post-sentence motion shall be filed no later than 10 days after imposition of sentence." Pa.R.Crim.P. 720(A)(1). The trial court sentenced Bracy to seven to 14 years of incarceration on May 23, 2013. Under Rule 720(A)(1),

---

[4] The trial court ordered Bracy to file his 1925(b) statement on or before September 19, 2013. Trial Court Order, 8/20/13.

- 3 -

Bracy had 10 days from that date to file a post-sentence motion. Bracy filed a motion to modify sentence on June 24, 2013, which the trial court denied without a hearing that same day. Accordingly, Bracy's post-sentence motion was untimely. Bracy filed his notice of appeal on July 22, 2013, well more than 30 days following the imposition of his sentence on May 23, 2013.

In general, "[i]f the defendant does not file a timely post-sentence motion, the defendant's notice of appeal shall be filed within 30 days of imposition of sentence[.]" Pa.R.Crim.P. 720(A)(3). However, pursuant to Rule 720(A)(2), where a defendant does file a timely post-sentence motion, he or she must file a notice of appeal:

> (a) within 30 days of the entry of the order deciding the motion;
>
> (b) within 30 days of the entry of the order denying the motion by operation of law in cases in which the judge fails to decide the motion; or
>
> (c) within 30 days of the entry of the order memorializing the withdrawal in cases in which the defendant withdraws the motion.

Pa.R.Crim.P. 720(A)(2). Based on subsections (2) and (3) of Rule 720(A), this Court has held the following:

> [T]he time for filing an appeal can be extended beyond 30 days after the imposition of sentence **only** if the defendant files a timely post-sentence motion. The Comment to Rule 720 emphasizes this point as follows: 'If no timely post-sentence motion is filed, the defendant's appeal period begins to run from the date sentence is imposed.' Thus, where the defendant does not file a timely post-sentence

- 4 -

motion, there is no basis to permit the filing of an appeal beyond 30 days after the imposition of sentence.

***Commonwealth v. Dreves***, 839 A.2d 1122, 1127 (Pa. Super. 2003) (*en banc*).

In this case, because Bracy did not file a timely post-sentence motion, his appeal period began to run from the date the trial court imposed his sentence, May 23, 2013. Therefore, Bracy's notice of appeal, which he filed on July 22, 2013, nearly two months after the imposition of his sentence, was untimely. ***See*** Pa.R.A.P. 903(a) ("Except as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken."). Accordingly, we must quash Bracy's appeal as untimely.

Bracy claims in his notice of appeal that the trial court endorsed his post-sentence motion "approved for filing *nunc pro tunc*." Notice of Appeal, 7/22/13. Our Court has recognized that "if no appeal had been taken, within 30 days after the imposition of sentence, the trial court has the discretion to grant a request to file a post-sentence motion *nunc pro tunc*." ***Dreves***, 839 A.2d at 1128. This Court explained,

> To be entitled to file a post-sentence motion *nunc pro tunc,* a defendant must, within 30 days after the imposition of sentence, demonstrate sufficient cause, *i.e.*, reasons that excuse the late filing. Merely designating a motion as 'post-sentence motion *nunc*

*pro tunc*' is not enough. When the defendant has met this burden and has shown sufficient cause, the trial court must then exercise its discretion in deciding whether to permit the defendant to file the post-sentence motion *nunc pro tunc.* If the trial court chooses to permit a defendant to file a post-sentence motion *nunc pro tunc,* the court must do so expressly. … Similarly, in order for a petition to file a post-sentence motion *nunc pro tunc* to be granted, a defendant must, within 30 days after the imposition of sentence, demonstrate an extraordinary circumstance which excuses the tardiness.

If the trial court does not expressly grant *nunc pro tunc* relief, the time for filing an appeal is neither tolled nor extended. The request for *nunc pro tunc* relief is separate and distinct from the merits of the underlying post-sentence motion. The trial court's resolution of the merits of the late post-sentence motion is no substitute for an order expressly granting *nunc pro tunc* relief. Also, when the trial court grants a request to file a post-sentence motion *nunc pro tunc,* the post-sentence motion filed as a result must be treated as though it were filed within the 10-day period following the imposition of sentence.

*Id.* at 1128-29 (internal citation and footnote omitted).

We conclude that the instant case does not present a situation in which Bracy filed a document seeking permission to file a post-sentence motion *nunc pro tunc* wherein he provided the trial court with the reasons why it should grant such permission. Bracy entitled his post-sentence motion "Motion to Modify Sentence." Motion to Modify Sentence, 6/24/13. In the motion, he did not seek permission to file an untimely post-sentence motion *nunc pro tunc* and he did not provide the trial court with any reasons

for why his post-sentence motion was untimely and why the trial court should overlook that untimeliness. *See* Motion to Modify Sentence, 6/24/13. Thus, the record does not reflect that Bracy presented the trial court with any reasons for the untimeliness of his post-sentence motion and consequently, that the trial court considered whether those reasons were sufficient for it to excuse the untimeliness of the motion. *See Dreves*, 839 A.2d at 1128-29.

We further conclude that the trial court did not expressly grant Bracy *nunc pro tunc* relief. Although Bracy asserts in his notice of appeal that the trial court endorsed his post-sentence motion as "approved for filing *nunc pro tunc*," the certified record on appeal does not support this claim. *See* Notice of Appeal, 7/22/13. The trial court, in its order denying Bracy's post-sentence motion, signed the order as "approved for filing." *See* Trial Court Order, 6/24/13. The trial court did not, as Bracy claims, endorse his post-sentence motion as "approved for filing *nunc pro tunc.*" *See* Notice of Appeal, 7/22/13; Motion to Modify Sentence, 6/24/13. In fact, there is no indication, on either Bracy's post-sentence motion or the order denying that post-sentence motion, that he was seeking or receiving *nunc pro tunc* relief. *See* Trial Court Order, 6/24/13; Motion to Modify Sentence, 6/24/13. The trial court did not even acknowledge that the post-sentence motion was untimely. *See* Trial Court Order, 6/24/13. Therefore, the record does not reflect that the trial court expressly granted Bracy permission to file a post-

sentence motion *nunc pro tunc*. ***See Dreves***, 839 A.2d at 1128-29. Because the trial court did not expressly grant Bracy *nunc pro tunc* relief, we cannot treat his post-sentence motion as though it were filed within the 10-day period following the imposition of sentence. ***See Commonwealth v. Wright***, 846 A.2d 730, 733-34 (Pa. Super. 2004) (holding the appellant's post-sentence motion to be untimely where the appellant filed an untimely post-sentence motion, the trial court ruled on the motion, and there was no order expressly restoring his right to file a post-sentence motion *nunc pro tunc*).

Finally, we note that this is not a case in which the trial court failed to inform or incorrectly informed Bracy of his appeal rights, where such a failure functioned as a breakdown in the court's operation. ***See Commonwealth v. Wright***, 846 A.2d 730, 735 (Pa. Super. 2004) (holding that the trial court must inform defendant of his appellate rights, including the 30-day appeal period, and failure to do so makes quashal inappropriate). The transcript of Bracy's sentencing hearing reflects that his attorney informed him, on the record, of his post-sentence and direct appeal rights, as well as the time in which he had to file a post-sentence motion or direct appeal. N.T., 5/23/13, at 12-13.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/10/2014