J-S37017-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CURTIS RAY THOMPSON, | |
| Appellant | No. 1219 WDA 2015 |

Appeal from the Judgment of Sentence January 30, 2015
In the Court of Common Pleas of Washington County
Criminal Division at No(s): CP-63-CR-0000354-2014

BEFORE:  GANTMAN, P.J., SHOGAN and LAZARUS, JJ.

JUDGMENT ORDER BY SHOGAN, J.:                    **FILED MAY 4, 2016**

Appellant, Curtis Ray Thompson, appeals from the judgment of sentence entered on January 30, 2015, in the Washington County Court of Common Pleas.  After careful review, we quash the appeal as untimely.

As a general rule, a notice of appeal shall be filed within thirty days after the entry of the order from which the appeal is taken.  Pa.R.A.P. 903(a).  This Court may not extend the time for filing a notice of appeal. Pa.R.A.P. 105(b).  However, if a defendant files a timely post-sentence motion, the thirty-day appeal period does not begin to run until the motion is decided.  Pa.R.Crim.P. 720(A)(2).  Post-sentence motions must be filed within ten days from the imposition of sentence.  Pa.R.Crim.P. 720(A)(1).  It is well settled that an untimely post-sentence motion will not toll the thirty-

day appeal period. **Commonwealth v. Capaldi**, 112 A.3d 1242, 1244 (Pa. Super. 2015).

Appellant's March 2, 2015 post-sentence motion was filed more than ten days after his sentence was imposed on January 30, 2015.[1]   Thus, Appellant's post-sentence motion was untimely and did not toll the thirty-day appeal period.[2]   Therefore, Appellant's notice of appeal, which was filed on August 6, 2015, was untimely.  Accordingly, we must quash this appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/4/2016

---

[1] The judgment of sentence was not entered on the docket until February 9, 2015.  However, this is of no moment because Appellant's March 2, 2015 post-sentence motion was filed more than ten days after February 9, 2015.

[2] A defendant may request *nunc pro tunc* consideration of a post-sentence motion within thirty days of the judgment of sentence.  **Commonwealth v. Dreves**, 839 A.2d 1122 (Pa. Super. 2003).  The trial court must expressly grant that motion to retain jurisdiction.  **Id**.  Here, however, Appellant did not request *nunc pro tunc* consideration of his post-sentence motion.  Thus, the trial court could not and did not expressly grant the motion.