J-S26032-17, J-S26033-17, J-S26034-17, J-S26035-17, J-S26036-17, J-S26037-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JASON ERIC FETROW | : | |
| | : | |
| Appellant | : | No. 1284 MDA 2016 |

Appeal from the Judgment of Sentence June 14, 2016
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0001107-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIE LEE SUMMERS | : | |
| | : | |
| Appellant | : | No. 1285 MDA 2016 |

Appeal from the Judgment of Sentence June 14, 2016
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0000891-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ELNORA I. SMITH | : | |
| | : | |
| Appellant | : | No. 1316 MDA 2016 |

Appeal from the Judgment of Sentence June 13, 2016
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0000501-2016

J-S26032-17, J-S26033-17, J-S26034-17, J-S26035-17, J-S26036-17, J-S26037-17

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| STEVEN M. ARNOLD | : | |
| Appellant | : | No. 1317 MDA 2016 |

Appeal from the Judgment of Sentence June 13, 2016
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0001676-2016

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| HUI CHEN KUO | : | |
| Appellant | : | No. 1318 MDA 2016 |

Appeal from the Judgment of Sentence June 13, 2016
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0006756-2015

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| AIMEE LEAH HELLER | : | |
| Appellant | : | No. 1319 MDA 2016 |

Appeal from the Judgment of Sentence June 13, 2016
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0004132-2015

J-S26032-17, J-S26033-17, J-S26034-17, J-S26035-17, J-S26036-17, J-S26037-17

BEFORE:   BOWES, J., DUBOW, J., and FITZGERALD,[*] J.

MEMORANDUM BY BOWES, J.:                    **FILED FEBRUARY 28, 2018**

These consolidated cases present the same issue: whether the trial court erred in denying a post-sentence motion to withdraw a guilty plea *nunc pro tunc* to enable the appellant to take advantage of the United States Supreme Court decision **North Dakota v. Birchfield**, 136 S. Ct. 2160 (2016).  We affirm on the basis of **Commonwealth v. Kehr**, --- A.3d ---, 1611 MDA 2016 (Pa.Super. 2018), issued in conjunction with these appeals.

In each of these cases, a guilty plea was entered on June 13 or 14, 2016, to charges involving various permutations of driving under the influence.  **See** 75 Pa.C.S. § 3802.  All of the appellants provided blood samples, but failed to litigate a suppression motion.  Instead, all entered into negotiated pleas, and were all sentenced on the same day as the plea.

On June 23, 2016, the United States Supreme Court issued **Birchfield**, which held that warrantless blood tests cannot be justified under the search incident to arrest rationale, and, as a result, a driver may not be informed they are subject to increased punishment in the event of refusal. **See Commonwealth v. Ennels**, 167 A.3d 716, 724 (Pa.Super. 2017) ("**Birchfield** makes plain that the police may not **threaten** enhanced

_____

[*] Former Justice specially assigned to the Superior Court.

- 3 –

J-S26032-17, J-S26033-17, J-S26034-17, J-S26035-17, J-S26036-17, J-S26037-17

punishment for refusing a blood test in order to obtain consent[.]") (emphasis in original).

On July 1, 2016, all appellants filed motions seeking to withdraw their guilty pleas *nunc pro tunc*. On July 5, 2016, the trial court denied the motions on their merits. The trial court thereafter granted all appellants the right to file an appeal *nunc pro tunc*.[1]

---

[1] As a subsidiary issue, the briefs all ask this Court to resolve whether the trial court granted permission to file a *nunc pro tunc* post-sentence motion.

In **Commonwealth v. Capaldi**, 112 A.3d 1242 (Pa.Super. 2015), we reiterated that an untimely post-sentence motion does not normally toll the appeal period. Pursuant to **Commonwealth v. Dreves**, 839 A.2d 1122 (Pa.Super. 2003) (*en banc*), a post-sentence motion *nunc pro tunc* may toll the appeal period, but only if (1) the *nunc pro tunc* request, which is separate and distinct from the merits of the underlying motion, is filed within thirty days of sentence, and (2) the trial court expressly permits the untimely filing. If the trial court fails to expressly grant relief, the time for filing the appeal is neither tolled nor extended, and a trial court's later resolution on the merits is not a substitute for an order granting the right to file the motion in the first place. We noted in **Capaldi** that "there is a dearth of on-point cases concerning the meaning of 'expressly grant.'" **Id**. at 1245.

Presently, the untimely post-sentence motions were styled as a request for relief *nunc pro tunc* and set forth reasons seeking to excuse the late filing, which largely overlap with the merits of the claims. The requests were filed within thirty days of sentence and the trial court issued a ruling on the merits within same, but did not expressly grant the request to file *nunc pro tunc*.

The trial court subsequently granted all appellants the right to file an appeal *nunc pro tunc*. Arguably, the trial court failed to grant the *nunc pro tunc* request to file untimely post-sentence motions, and, since the reinstatement of appellate rights did not include a right to file new post-sentence motions, the instant claims may be waived. Since we have decided that the
*(Footnote Continued Next Page)*

- 4 –

J-S26032-17, J-S26033-17, J-S26034-17, J-S26035-17, J-S26036-17, J-S26037-17

Rephrased for clarity, the following issue collectively applies to all appeals: Did the trial court err in denying appellants' post-sentence motions to withdraw guilty pleas *nunc pro tunc* due to the change in law announced by **Birchfield**?

We begin by setting forth our standard of review. In **Commonwealth v. Broaden**, 980 A.d 124 (Pa.Super. 2009), we summarized the principles governing post-sentence motions to withdraw pleas:

> [P]ost-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices. A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. A deficient plea does not *per se* establish prejudice on the order of manifest injustice.

*Id*. at 129 (citations omitted). "It is well-settled that the decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court." **Commonwealth v. Hart**, 174 A.3d 660, 664 (Pa.Super. 2017) (applying abuse of discretion in post-sentencing context).

*(Footnote Continued)* —————————

appellants are not entitled to relief, we accept *arguendo* that the untimely post-sentence motions preserved the issues pursuant to the principles discussed in **Dreves**.

- 5 –

J-S26032-17, J-S26033-17, J-S26034-17, J-S26035-17, J-S26036-17, J-S26037-17

In conjunction with the present cases we have issued **Kehr**, which presented the exact same issue, albeit in a timely post-sentence motion. We concluded that the change in law occasioned by **Birchfield** does not constitute sufficient cause on the order of manifest justice to justify granting a post-sentence motion to withdraw a guilty plea. **Kehr** additionally holds that any attempt to withdraw a plea post-sentencing is, in truth, an allegation of ineffective assistance of counsel, which must be pursued through the PCRA. Since **Kehr** is dispositive of the issue presented in these cases, we rely on its authority.

Judgments of sentence affirmed.

Justice Fitzgerald did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/28/18

- 6 –