J-S27015-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MICHAEL E. RUSSELL | |
| Appellant | No. 2079 EDA 2021 |

Appeal from the Judgment of Sentence Entered June 28, 2021
In the Court of Common Pleas of Northampton County
Criminal Division at No: CP-48-CR-0002841-2020

BEFORE:  STABILE, J., NICHOLS, J., and SULLIVAN, J.

JUDGMENT ORDER BY STABILE, J.:                **FILED NOVEMBER 22, 2022**

Appellant, Michael E. Russell, appeals from the June 28, 2021 sentence imposing an aggregate five to ten years of incarceration after he pled guilty to 20 counts of violating a protective order (18 Pa.C.S.A. § 4955).  We affirm.

The instant matter and its companion at Nos. 1839 EDA 2021 and 1862 EDA 2021 arise of Appellant's domestic abuse of the victim, Traci White.  In this case, Appellant was charged with 54 counts of violations of the trial court's order that he not contact the victim.  Appellant pled guilty to 20 counts in exchange for the Commonwealth's agreement to dismiss the remaining 34.  As per the parties' negotiated sentence, Appellant received a consecutive three to six months of incarceration for each of the 20 offenses.

Appellant did not challenge the validity of his plea during the sentencing hearing or in a post-sentence motion.  After the appeal period expired,

Appellant sought *nunc pro tunc* reinstatement of his direct appeal rights, and the trial court granted relief with the Commonwealth's consent. He filed this *nunc pro tunc* appeal on October 1, 2021. His brief to this Court presents four questions, all of which challenge the validity of his plea. We will not address these questions on the merits, as Appellant has failed to preserve them for Appellate review.

"In order to preserve an issue related to a guilty plea, an appellant must either "object[ ] at the sentence colloquy or otherwise raise[ ] the issue at the sentencing hearing or through a post-sentence motion." *Commonwealth v. Monjaras-Amaya*, 163 A.3d 466, 468-69 (Pa. Super. 2017) (**quoting Commonwealth v. D'Collanfield**, 805 A.2d 1244, 1246 (Pa. Super. 2002)); *See also* Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i); Pa.R.A.P. 302(a). Otherwise, this issue is waived. "The purpose of this waiver rule is to allow the trial court to correct its error at the first opportunity, and, in so doing, further judicial efficiency." *Id.*

In the absence of a timely post-sentence motion, the defendant may seek leave to file a post-sentence motion *nunc pro tunc.* "To be entitled to file a post-sentence motion *nunc pro tunc,* a defendant must, within 30 days after the imposition of sentence, demonstrate sufficient cause, i.e., reasons that excuse the late filing." *Commonwealth v. Dreves*, 839 A.2d 1122, 1128 (Pa. Super. 2003) (*en banc*). The trial court must expressly grant permission for the untimely post-sentence motion for the thirty-day appeal

period to be tolled. *Id.* Furthermore, a trial court's *nunc pro tunc* reinstatement of direct appeal rights does **not** automatically carry with it the reinstatement of Appellant's right to file a post-sentence motion. ***Commonwealth v. Wright***, 846 A.2d 730, 734 (Pa. Super. 2004). Rather, the appellant must expressly seek, and the trial court must expressly grant, that relief. *Id.*

The record reveals that the trial court informed Appellant of his post-sentence and appellate rights, including the filing deadlines. N.T. Hearing, 6/28/21, at 37. Appellant signed a written colloquy explaining the same. *Id.* at 24-25. Nonetheless, Appellant did not file a timely post-sentence motion or seek leave to file a *nunc pro tunc* post-sentence motion within 30 days of the judgment of sentence. He concedes that the order permitting this *nunc pro tunc* direct appeal did not expressly grant the right to file post-sentence motions. Appellant's Brief at 9-10. Based on all of the foregoing, Appellant has failed to preserve the issues he seeks to raise.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/22/2022

- 3 -