J-S11026-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CONDE LUIS SANTIAGO | |
| Appellant | No. 934 MDA 2014 |

Appeal from the Judgment of Sentence January 22, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0005050-2012

BEFORE:  PANELLA, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED FEBRUARY 18, 2015**

Conde Luis Santiago appeals the judgment of sentence imposed January 22, 2014,[1] in the Lancaster County Court of Common Pleas.  The trial court imposed a mandatory minimum sentence[2] of six and one-half to 15 years' imprisonment, following Santiago's jury conviction of possession

---

[1] We note that, on his notice of appeal, Santiago purported to appeal the May 1, 2014, order of the trial court denying his post-sentence motion. However, an appeal in a criminal matter lies from the judgment of sentence, made final following the denial of post-sentence motions.  **See Commonwealth v. Dreves**, 839 A.2d 1122, 1125 n.1 (Pa. Super. 2003) (*en banc*).  Therefore, we have corrected the caption accordingly.

[2] **See** 42 Pa.C.S. § 9712.1 (mandatory minimum five years' incarceration for possession of a firearm while selling controlled substances); 18 Pa.C.S. § 7508(a)(7)(ii) (mandatory minimum three years' incarceration for possession of five to 50 grams of heroin).

with intent to deliver ("PWID") heroin.[3]  On appeal, Santiago contends the sentence imposed is illegal in light of the United States Supreme Court's decision in **Alleyne v. United States**, 133 S.Ct. 2151 (U.S. 2013).  We agree.

The charges against Santiago arose following the execution of a search warrant at a storage unit leased by Santiago in Lancaster, Pennsylvania. The search uncovered 675 bags of heroin and a stolen .40 caliber handgun. Santiago was charged with PWID, receiving stolen property ("RSP"),[4] and persons not to possess firearms.[5]  He filed a pretrial motion to suppress the evidence recovered during the execution of the warrant, which was denied prior to the start of trial.  On October 25, 2013, a jury returned a verdict of guilty on the sole charge presented to them, PWID,[6] specifically finding (1) the weight of the heroin was 15.8 grams, and (2) Santiago was "in physical possession or control of a firearm … in close proximity to the controlled substance."  Jury Verdict, 10/25/2013 (footnote omitted).  On January 22,

_____

[3] 35 P.S. § 780-113(a)(30).

[4] 18 Pa.C.S. § 3925.

[5] 18 Pa.C.S. § 6105(a).

[6] The charge of RSP was withdrawn prior to trial, and the firearms charge was severed from the drug charge.  On February 7, 2014, Santiago entered a plea of *nolo contendere* to the firearms charge, and was sentenced to a term of three to six years' imprisonment, to be served concurrently to the sentence on the PWID charge.

2014, the trial court imposed a mandatory minimum sentence of six and one-half to 15 years' imprisonment. Santiago filed a timely post sentence motion[7] to modify his sentence, challenging both the legality and the discretionary aspects of his sentence. The trial court denied Santiago's post-sentence motion on May 1, 2014, and this timely appeal follows.[8]

Santiago's sole issue on appeal challenges the legality of his sentence. He argues the trial court's imposition of the mandatory minimum sentences set forth in both 42 Pa.C.S. § 9712.1(a) and 18 Pa.C.S. § 7508[9] is

_____

[7] Santiago filed a post-sentence motion on February 4, 2014, thirteen days after the trial court imposed sentence on January 22, 2014. A post-sentence motion must filed within 10 days after the imposition of sentence to toll the appeal period. Pa.R.Crim.P. 720; *Dreves*, *supra*. On July 18, 2014, this Court issued a show cause order on Santiago to explain why his appeal should not be quashed as untimely. Santiago filed a reply, explaining that the 10th day after imposition of his sentence, February 1, 2014, fell on a Saturday, and that the next business day, Monday, February 3, 2014, the Lancaster County Court of Common Pleas was closed due to inclement weather. *See* 1 Pa.C.S. § 1908. Therefore, the first business day he could file the motion was on Tuesday, February 4, 2014. Santiago attached to his reply a letter from the Lancaster County Clerk of Courts confirming that the courthouse was closed on Monday, February 3, 2014, due to inclement weather. Therefore, we find Santiago's post-sentence motion was timely filed on February 4, 2014, and tolled the appeal period until after the trial court disposed of the motion on May 1, 2014.

[8] On June 24, 2014, the trial court ordered Santiago to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Santiago complied with the trial court's directive, and filed a concise statement on July 15, 2014.

[9] We note that a trial court may impose **both** the mandatory minimum set forth in Section 7508 (weight of drugs) and the mandatory minimum set forth in Section 9712.1 (firearm in close proximity) to one charge of PWID so
*(Footnote Continued Next Page)*

unconstitutional pursuant to the United States Supreme Court's decision in *Alleyne*. The trial court, however, opined that the mandatory minimum terms were properly imposed because the facts that increased Santiago's minimum sentence – *i.e.*, the weight of the heroin and Santiago's possession of a firearm in close proximity to the heroin - were submitted to the jury as questions on the verdict sheet, and determined by the jury beyond a reasonable doubt. *See* Trial Court Opinion, 8/7/2014, at 3. *See also* Jury Verdict, 10/25/2013.

In *Alleyne*, the United States Supreme Court held "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be **submitted to the jury** and found **beyond a reasonable doubt**." *Alleyne*, 133 S.Ct. at 2155 (emphasis supplied). Applying that mandate, this Court, sitting *en banc,* concluded that *Alleyne* rendered the mandatory minimum sentencing provision of 42 Pa.C.S. § 9712.1 unconstitutional. *See Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014) (*en banc*).

The *Newman* Court noted that Subsection (c) of that statute permitted the trial court to determine at sentencing whether the elements

*(Footnote Continued)* ───────────────

long as "the combined minimum sentence [does] not exceed the statutory maximum sentence of imprisonment allowable under The Controlled Substance, Drug, Device and Cosmetic Act." 42 Pa.C.S. § 9712.1(b). *See Commonwealth v. Hopkins*, 67 A.3d 817, 822 (Pa. Super. 2013) *appeal denied,* 78 A.3d 1090 (Pa. 2013).

necessary to increase the mandatory minimum sentence, *i.e.*, the defendant possessed or was in close proximity to a firearm while selling drugs, were proven **by a preponderance of the evidence**. *See* 42 Pa.C.S. § 9712.1(c). However, under the reasoning of **Alleyne**, the *en banc* Court found that "Section 9712.1 can no longer pass constitutional muster." **Newman**, *supra*, 99 A.3d at 98. The Court opined:

> [Section 9712.1(c)] permits the trial court, as opposed to the jury, to increase a defendant's minimum sentence based upon a preponderance of the evidence that the defendant was dealing drugs and possessed a firearm, or that a firearm was in close proximity to the drugs. Under **Alleyne***,* the possession of the firearm must be pleaded in the indictment, and must be found by the jury beyond a reasonable doubt before the defendant may be subjected to an increase in the minimum sentence. As that is not the case instantly, we are constrained to vacate appellant's sentence and remand for resentencing without regard for any mandatory minimum sentence prescribed by Section 9712.1.

*Id.* at 98.

Furthermore, the **Newman** Court rejected the Commonwealth's suggestion that the illegality of the statute could be remedied upon remand, by empanelling a jury to consider the factual questions necessary to impose the mandatory minimum. The Court held:

> We find that Subsections (a) and (c) of Section 9712.1 are essentially and inseparably connected. Following **Alleyne***,* Subsection (a) must be regarded as the elements of the aggravated crime of possessing a firearm while trafficking drugs. If Subsection (a) is the predicate arm of Section 9712.1, then Subsection (c) is the "enforcement" arm. Without Subsection (c), there is no mechanism in place to determine whether the predicate of Subsection (a) has been met.

*Id.* at 101. The Court concluded "it is manifestly the province of the General Assembly to determine what new procedures must be created in order to impose mandatory minimum sentences in Pennsylvania following *Alleyne.* We cannot do so." *Id.* at 102.

Following the dictates of *Newman*, an *en banc* panel in *Commonwealth v. Vargas*, ___ A.3d ___, 2014 PA Super. 289 (filed December 31, 2014) (*en banc*), concluded that the mandatory minimum provisions set forth in Section 7508, which are structured in the same manner as Section 9712.1, were also constitutionally infirm. *Id.* at *17.

We recognize that the trial court, in the present case, attempted to comply with the dictates of *Newman* by requesting the jury to determine beyond a reasonable doubt whether the facts supported imposition of the mandatory minimum sentences. *See* Jury Verdict, 10/25/2013. However, this Court rejected such a procedure in *Commonwealth v. Valentine*, 101 A.3d 801 (Pa. Super 2014).

In *Valentine*, the trial court permitted the Commonwealth to amend the criminal information to include the allegations that the defendant committed a crime of violence (1) while visibly possessing a firearm and (2) in or near public transportation, facts necessary to impose mandatory minimum sentences under 42 Pa.C.S. §§ 9712 and 9713. *Id.* at 804. Furthermore, similar to the present case, the court then included questions on the verdict sheet which allowed the jury too determine beyond a reasonable doubt whether the facts supported imposition of the mandatory

minimum. **Id.** at 811. In finding that the trial court performed an "impermissible legislative function," the **Valentine** Court opined:

> The trial court erroneously presupposed that only Subsections (c) of both 9712 and 9713 (which permit a trial judge to enhance the sentence based on a preponderance of the evidence standard) were unconstitutional under **Alleyne**, and that Subsections (a) of 9712 and 9713 survived constitutional muster. By asking the jury to determine whether the factual prerequisites set forth in § 9712(a) and § 9713(a) had been met, the trial court effectively determined that the unconstitutional provisions of § 9712(c) and § 9713(c) were severable. Our decision in **Newman** however holds that the unconstitutional provisions of § 9712(c) and § 9713(c) are not severable but "essentially and inseparably connected" and that the statutes are therefore unconstitutional as a whole.
>
> Moreover, **Newman** makes clear that "it is manifestly the province of the General Assembly to determine what new procedures must be created in order to impose mandatory minimum sentences in Pennsylvania following **Alleyne**." Therefore, the trial court lacked the authority to allow the jury to determine the factual predicates of §§ 9712 and 9713.

**Id.** at 811-812 (internal citations omitted).

The same is true here. Therefore, we are constrained by **Valentine**, **Newman** and **Vargas** to reverse the judgment of sentence, and remand for resentencing without consideration of the Section 9712.1 and Section 7508 mandatory minimums.

- 7 -

Judgment of sentence vacated. Case remanded for resentencing consistent with this Memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/18/2015