J-S44034-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| OMAR J. HAKIM | |
| Appellant | No. 240 WDA 2015 |

Appeal from the Order January 7, 2015
In the Court of Common Pleas of Mercer County
Criminal Division at No(s): CP-43-CR-0001772-2012

BEFORE:  LAZARUS, J., STABILE, J., and JENKINS, J.

MEMORANDUM BY LAZARUS, J.:                **FILED NOVEMBER 4, 2015**

Omar J. Hakim appeals from the order entered on January 7, 2015, in the Court of Common Pleas of Mercer County, which denied his *nunc pro tunc* motion seeking to appeal his judgment of sentence entered October 3, 2014.  After careful review, we quash this appeal as an untimely appeal of Hakim's judgment of sentence.

Hakim pled guilty to possession with intent to deliver (PWID)[1] and firearms not to be carried without a license[2] on January 14, 2014. Thereafter, Hakim withdrew his guilty plea, before again entering into the original plea agreement on April 21, 2014.  Hakim was sentenced on October

_____

[1] 35 P.S. § 780-113(a)(30).

[2] 18 Pa.C.S. § 6106(a)(1).

1, 2014, to three to six years' incarceration for the PWID charge and two to four years' incarceration for the firearm charge. The sentencing order was docketed on October 3, 2014. Hakim filed a "Motion to Modify Sentence *Nunc Pro Tunc*" on January 6, 2015, which the trial court denied on January 7, 2015. Hakim filed a notice of appeal of the January 7, 2015 order on January 26, 2015.

On appeal, Hakim raises the following issues:

1. [Hakim's] DNA was not on the gun.

2. [Hakim] was not charged with a firearms charge until 30 days after his arrest.

3. [The m]andatory minimum [sentence Hakim received] was deemed unconstitutional precluding a minimum mandatory of 5-10 years.[3]

4. [Hakim's] sentence is excessive.

5. [Hakim's] 14th Amendment rights pursuant to the U.S. Constitution were violated.

Appellant's Brief, at 4 (unnumbered).

_____

[3] The trial court noted that Hakim did not include this issue in his court-ordered Pa.R.A.P. 1925(b) statement and stated that because this issue implicates the legality of sentence "this matter should be remanded for resentencing." Trial Court Opinion, 3/10/15, at 1 (unnumbered). While legality of sentence claims are non-waivable and ordinarily we may address such claims *sua sponte*, we must first have jurisdiction. **See Commonwealth v. Munday**, 78 A.3d 661, 664 (Pa. Super. 2013) (challenge to legality of sentence "may be entertained so long as the reviewing court has jurisdiction"). Thus, despite the legality of sentence issue, we lack jurisdiction to address the instant appeal on the merits since it was untimely, as will be discussed further ***infra***.

Before we address Hakim's claims, we must consider whether this appeal is timely. We lack jurisdiction to consider untimely appeals, an issue we may raise *sua sponte*. **Commonwealth v. Burks**, 102 A.3d 497, 500 (Pa. Super. 2014).

A defendant must file an appeal within 30 days of imposition of sentence in open court if no post-sentence motions are filed. Pa.R.Crim.P. 720(A)(3); Pa.R.A.P. 903(c)(3). If a defendant files a timely post-sentence motion, the appeal period does not begin to run until the motion is decided. Pa.R.Crim.P. 720(A)(2); Pa.R.A.P. 903(a). Ordinarily, a defendant must file a post-sentence motion within ten days of imposition of sentence. Pa.R.Crim.P. 720(A)(1). Significantly, an untimely post-sentence motion does not toll the appeal period. **Commonwealth v. Green**, 862 A.2d 613, 618 (Pa. Super. 2004) (en banc) (noting that "the time for filing an appeal can be extended beyond 30 days after the imposition of sentence only if the defendant files a timely post-sentence motion").

A post-sentence motion *nunc pro tunc* may toll the appeal period, but only if two conditions are met. **Commonwealth v. Dreves**, 839 A.2d 1122, 1128 (Pa. Super. 2003) (en banc). First, a defendant must request that the trial court consider a post-sentence motion *nunc pro tunc* within 30 days of the imposition of sentence; such a request is "separate and distinct from the merits of the underlying post-sentence motion." **Id.** at 1128-29. Second, the trial court must expressly permit the filing of a post-sentence motion *nunc pro tunc*, also within 30 days of imposition of sentence. **Id.** at 1128

- 3 -

n.6. "If the trial court does not expressly grant *nunc pro tunc* relief, the time for filing an appeal is neither tolled nor extended." ***Id.*** at 1128. Moreover, "[t]he trial court's resolution of the merits of the late post-sentence motion is no substitute for an order expressly granting *nunc pro tunc* relief." ***Id.*** at 1129.

Here, Hakim filed his motion seeking post-sentence relief on January 6, 2015, more than 90 days after he was sentenced in open court. Thus, Hakim's post-sentence motion was untimely and did not extend the appeal period. ***Green***, ***supra***. Additionally, Hakim is not entitled to *nunc pro tunc* relief pursuant to ***Dreves***, since he did not seek such relief within 30 days of the imposition of sentence. ***Dreves***, ***supra*** at 1128. Even if Hakim had made a timely request, the trial court did not expressly grant *nunc pro tunc* relief. ***Id.***

Moreover, no extraordinary circumstances, for example, a breakdown in the court's operations, exist that might excuse Hakim's late filing. ***See, e.g., Commonwealth v. Patterson***, 940 A.2d 493, 499-500 (Pa. Super. 2007) (breakdown in court's operation occurred where it denied defendant's untimely post-sentence motion within appeal period, but failed to apprise him he still had fifteen days to file appeal). Indeed, the record reveals that Hakim was properly advised at sentencing of the time for filing post-sentence motions and an appeal. Therefore, we lack jurisdiction to consider this appeal on the merits.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/4/2015</u>