J-S69016-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUAN BARBON | : | |
| | : | |
| Appellant | : | No. 792 MDA 2018 |

Appeal from the PCRA Order April 24, 2018
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0001530-2012

BEFORE: BENDER, P.J.E., LAZARUS, J., and MURRAY, J.

MEMORANDUM BY LAZARUS, J.: **FILED DECEMBER 28, 2018**

Juan Barbon appeals *pro se* from the trial court's order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

On September 11, 2013, a jury convicted Barbon of two counts each of aggravated assault and simple assault, and one count each of criminal conspiracy and recklessly endangering another person. On October 21, 2013, Barbon was sentenced to an aggregate term of 8-16 years' imprisonment. The charges stemmed from Barbon's involvement in a high school gang-type fight, where he struck a juvenile in the wrist with a machete, nearly severing

the victim's arm.  Trial Court Opinion, 8/14/14, at 1.   Barbon filed unsuccessful post-sentence motions and a counseled direct appeal.[1]

On February 24, 2017, Barbon filed a *pro se* PCRA petition.  Attached to his petition was a handwritten request to the court to appoint him a public defender.  On October 27, 2017, the trial court entered an order appointing Jeffrey Yelen, Esquire, as PCRA counsel.  On December 27, 2017, Attorney Yelen filed a motion to withdraw as counsel.  On January 24, 2018, the court gave Barbon Pa.R.Crim.P. 907 notice of its intention to dismiss his petition. Barbon did not respond to the Rule 907 notice.  On April 24, 2018, the court dismissed Barbon's petition and granted counsel's motion to withdraw.  On May 14, 2018, Barbon filed a timely *pro se* notice of appeal.  He presents one issue for our consideration:  Whether the PCRA court erred in failing to review Barbon['s] *pro se* PCRA petition where he asserts the illegality and discretionary aspects of his sentence?  Appellant's *Pro Se* Brief, at 2.[2]

---

[1] Eric Winter, Esquire, was direct appeal counsel.  Trial counsel was Paul Galante, Esquire.

[2] On November 16, 2018, our Court remanded this case to the trial court to determine whether Barbon was properly served with the court's Pa.R.A.P. 1925(b) order pursuant to Pa.R.Crim.P. 114.  If the trial court concluded that Barbon was never served with the order, then it was to prepare a comprehensive Rule 1925(a) opinion addressing the issue Barbon raises on appeal and remit the record to this Court.  If, however, the court concluded, based on record evidence, that Barbon was properly served with its Rule 1925(b) order, the trial court was to immediately remit the record to this Court for consideration of the appeal.  On December 5, 2018, the trial court filed an opinion "consistent with [the] instructions received from [our Court]."  Trial Court Opinion, 12/5/18, at 1.  In its opinion, the trial court states that Barbon's

Any petition filed under the PCRA must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). For purposes of determining when a petitioner's judgment becomes final under section 9545(b)(1), the PCRA states that "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545 (b)(3). In three instances, courts will not hold PCRA petitioners to the strict one-year filing time frame. A PCRA petition may be filed within 60 days from the date the claim could have been presented when the petition alleges and the petitioner proves:

> (1) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (2) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (3) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

---

PCRA petition was untimely filed and did not plead or prove a viable exception to the PCRA timing requirements. *Id.* at 2. Thus, the trial court concluded that it did not have jurisdiction to entertain Barbon's PCRA claims. *Id.*

42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii). A petitioner has the burden to plead and prove these exceptions. ***Commonwealth v. Pursell***, 749 A.2d 911, 914 (Pa. 2000).

Instantly, Barbon was sentenced on October 21, 2013. Barbon filed post-sentence motions that were denied, by operation of law, on March 17, 2014. He filed a timely direct appeal and our Court affirmed Barbon's judgment of sentence on March 11, 2015. ***Commonwealth v. Barbon***, No. 520 MDA 2014 (Pa. Super. filed March 11, 2015) (unpublished memorandum).[3] Barbon's judgment of sentence became final after the time expired for him to file a petition for allowance of appeal to the Pennsylvania Supreme Court on April 11, 2015. ***See*** Pa.R.A.P. 1113. Thus, Barbon had

---

[3] We note that the trial court's opinion fails to recognize that the record contains *nunc pro tunc* post-sentence motions filed by Barbon on December 20, 2016, as well as a court order, dated February 13, 2017, denying said motions. Because the trial court did not have jurisdiction to rule on the *nunc pro tunc* motions that were filed *after* our Court affirmed Barbon's judgment of sentence, they are irrelevant for purposes of calculating when his judgment of sentence became final for PCRA timing purposes. ***See Commonwealth v. Jackson***, 30 A.3d 516 (Pa. Super. 2011) (noting that 42 Pa.C.S. § 5505 allows trial courts to correct orders where there is obvious illegality in sentence). Moreover, under section 5505, if no appeal had been taken within 30 days after the imposition of sentence, the trial court has the discretion to grant a request to file a post-sentence motion *nunc pro tunc*. ***Commonwealth v. Dreves***, 839 A.2d 1122, 1128 (Pa. Super. 2003) ("If the trial court chooses to permit a defendant to file a post-sentence motion *nunc pro tunc*, the court must do so expressly [within thirty days after the imposition of the sentence].")。Here, a timely notice of appeal had been filed, thus the trial court did not have the authority to consider Barbon's *nunc pro tunc* post-sentence motions.

until April 11, 2016 to file a timely PCRA petition. Barbon, however filed the instant PCRA petition on February 24, 2017 – almost one year later. Accordingly, it is patently untimely and the PCRA court had no jurisdiction to entertain Barbon's petition unless he pled and proved one of the exceptions to the jurisdictional time bar set forth in section 9545(b)(1). Because Barbon has failed to plead and prove an exception to the PCRA's timeliness requirements, we affirm the trial court's order dismissing his PCRA petition.[4]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/28/2018

---

[4] Barbon makes a veiled claim that his sentence is illegal under **Alleyne v. United States**, 133 S. Ct. 2151 (2013), because the court imposed a deadly weapon enhancement. In **Commonwealth v. Buterbaugh**, 91 A.3d 1247, 1270 n.10 (Pa. Super. 2014), our Court noted that imposition of the deadly weapon sentencing enhancement does not implicate **Alleyne**. We also note that even if Barbon had been sentenced to an unconstitutional mandatory minimum, our Supreme Court has held that although **Alleyne** establishes a new rule of federal constitutional law, it does not apply to cases pending on collateral review. **See Commonwealth v. Washington**, 142 A.3d 810 (Pa. 2016). Moreover, **Alleyne** does not meet the new constitutional right exception to the PCRA time bar. **Commonwealth v. Riggle**, 119 A.3d 1058, 1064 (Pa. Super. 2015).