J-S30009-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                    :           PENNSYLVANIA
                    :
         v.           :
                    :
                    :
WENDELL LAVENTURE       :
                    :
       Appellant     :    No. 1758 EDA 2017

Appeal from the Judgment of Sentence May 1, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000378-2009

BEFORE: PANELLA, P.J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, P.J.:        **FILED OCTOBER 17, 2019**

Appellant, Wendell Laventure, challenges the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following the revocation of his probation. Appellant argues the resentencing court abused its discretion by imposing a manifestly excessive sentence, given that this was his first probation violation, and failed to consider his rehabilitative needs. After careful consideration, we remand with instructions.

The relevant facts and procedural history of this case are as follows. In 2008, Appellant was arrested after he and another man used a BB gun to rob a 16-year-old boy. Appellant later entered a negotiated guilty plea to robbery, criminal conspiracy, and possession of an instrument of crime.[1] The court

---

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 903(a)(1), and 907(a), respectively.

sentenced Appellant to an aggregate term of 2½–5 years' incarceration, to be followed by 3 years of probation.

While on probation, Appellant twice acquired new criminal charges. The Commonwealth ultimately declined to prosecute the first set of charges, which included charges of receiving stolen property, theft, and fleeing police. At the violation hearing after these charges, the court continued Appellant's probation. Shortly thereafter, police again arrested Appellant; he was convicted of unauthorized use of an automobile and fleeing a police officer, and sentenced to three years' probation for those crimes.

As the new convictions represented a probation violation, Appellant appeared before the court for a hearing. In addition to the direct violation, Appellant's probation officer informed the court that Appellant had two technical violations from the previous year after he tested positive for marijuana use. Ultimately, the court acceded to requests from the Commonwealth and the probation officer to revoke Appellant's probation and sentence him to incarceration. The court resentenced Appellant to 1½–3 years' incarceration each on the robbery charge and the criminal conspiracy charge, to run consecutively for an aggregate sentence of 3–6 years' imprisonment.

Appellant filed a post-sentence motion eleven days after sentencing, requesting consideration *nunc pro tunc*. Appellant thereafter filed a timely notice of appeal and complied with Pa.R.A.P. 1925(b). This appeal is now before us.

Appellant challenges the discretionary aspects of his new sentence. He alleges the court imposed a manifestly excessive sentence, in light of his first probation violation, and failed to consider Appellant's rehabilitative needs. He concludes this Court should vacate the sentence, and remand for a new sentencing hearing. The Commonwealth concedes the court failed to consider Appellant's rehabilitative needs, and agrees this Court should vacate and remand for resentencing.

The right to challenge the discretionary aspects of sentencing on appeal is not absolute. **See Commonwealth v. Ali**, 197 A.3d 742, 760 (Pa. Super. 2018). An appellant "must petition this Court for permission to appeal the discretionary aspects of his sentence." **Id**. (citation omitted).

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Barnes**, 167 A.3d 110, 122 (Pa. Super. 2017) (*en banc*) (citations omitted).

"[A] written post-sentence motion shall be filed no later than 10 days after imposition of sentence." Pa.R.Crim.P. 720(A)(1). "An untimely post-sentence motion does not preserve issues for appeal." **Commonwealth v. Wrecks**, 931 A.2d 717, 719 (Pa. Super. 2007) (citation omitted). A defendant who wishes to file a post-sentence motion *nunc pro tunc* must demonstrate,

within 30 days after his sentence is imposed, sufficient cause to excuse the late filing. **See Commonwealth v. Wright**, 846 A.2d 730, 734 (Pa. Super. 2004). Merely labeling the motion as *nunc pro tunc* is insufficient. **See Commonwealth v. Dreves**, 839 A.2d 1122, 1128 (Pa. Super. 2003) (*en banc*). Even if the court "chooses to permit a defendant to file a post-sentence motion *nunc pro tunc*, the court must do so expressly." **Id**.

Here, Appellant's post-sentence motion was filed eleven days after resentencing, on May 12, 2017. The motion is styled "Petition to Vacate and Reconsider Nunc Pro Tunc," and avers the late filing occurred because counsel did not receive Appellant's request to file a motion for reconsideration until May 10, 2017. **See** Motion for Reconsideration, filed 5/12/17, at 3 (unpaginated). The certified record does not reflect any decision on this motion by the court. The next entry on the docket after the motion is Appellant's notice of appeal, which was timely filed 30 days after his resentencing.

However, the court's opinion pursuant to Pa.R.A.P. 1925(a) and the Commonwealth's appellate brief both state that the court denied the motion. **See** Sentencing Court Opinion, filed 9/19/18, at 3 (unpaginated); Appellee's Brief, at 4. Neither avers whether the court expressly permitted Appellant to file with *nunc pro tunc* status, though both writings assume the timeliness of Appellant's post-sentence motion by addressing the merits of the issue as though it was preserved. And Appellant's own brief makes no mention of the

- 4 -

court's alleged decision on the motion, though it also proceeds as though the post-sentence motion was timely filed. *See* Appellant's Brief, at 4.

The trial court opinion and the parties' briefs indicate the possibility the post-sentence motion was decided, though not recorded. Based on this apparent conflict, and the resulting ambiguity regarding whether Appellant was expressly permitted to file his motion *nunc pro tunc*, we are unable to determine from the record whether Appellant's discretionary aspects issue was properly preserved. As this determination is essential for our review, we remand for explanation and a supplemental record if necessary. Specifically, the court is instructed to clarify whether *nunc pro tunc* filing status was expressly granted to Appellant.

Case remanded with instructions. Trial court to inform this Court, in writing, within thirty days of the date this memorandum is filed whether it granted Appellant the right to file his post-sentence motion *nunc pro tunc*. If it did, the court should also supplement the record with the order granting such relief. Jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/17/19

- 5 -