**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NORMAN WILLIAMS | : | |
| | : | |
| Appellant | : | No. 3455 EDA 2018 |

Appeal from the PCRA Order Entered November 2, 2018
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0003573-2015

BEFORE:  LAZARUS, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED DECEMBER 03, 2019**

Norman Williams appeals from the order, entered in the Court of
Common Pleas of Bucks County, dismissing his petition filed pursuant to the
Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Upon careful
review, we affirm on the basis of the comprehensive opinion authored by the
Honorable Diane E. Gibbons.

The charges in this case arise from an incident in which Williams stole a
motor vehicle as the owner put air in a tire at a gas station.  The owner was
ultimately able to regain possession of the vehicle.[1]  Williams was charged
with robbery of a motor vehicle, theft by unlawful taking, receiving stolen
property, recklessly endangering another person ("REAP"), unauthorized use

---

[1] The PCRA court sets forth the facts of this matter in detail in its Pa.R.A.P.
1925(a) opinion dated April 17, 2019.  *See* PCRA Court Opinion, 4/17/19, at
4-5.  Because we affirm on the basis of that opinion, we will not restate the
facts here.

of a motor vehicle, disorderly conduct, and harassment. Trial commenced on September 10, 2015, and, on September 14, 2015, a jury convicted Williams of theft by unlawful taking and receiving stolen property and acquitted him of disorderly conduct. The jury was unable to reach a verdict as to robbery of a motor vehicle, REAP, and unauthorized use of a motor vehicle. The court also found Williams guilty of the summary charge of harassment and declared a mistrial as to the charges on which the jury deadlocked.

On October 19, 2015, trial commenced on the remaining charges. Prior to jury selection, trial counsel requested a continuance in order to obtain notes of testimony from the first trial and to have more time to prepare for trial. The court declined counsel's request and trial proceeded as scheduled. On October 20, 2015, the jury found Williams guilty of all remaining charges and, on October 30, 2015, the court sentenced him to 10 to 20 years' incarceration for robbery of a motor vehicle, with no further penalty on the remaining counts.

On November 10, 2015, counsel filed an untimely post-sentence motion for reconsideration of sentence; by order dated November 19, 2015, the court agreed to consider the motion as filed *nunc pro tunc*. After a hearing on March 9, 2016, the trial court granted the motion and resentenced Williams to 6 to 20 years' incarceration for robbery of a motor vehicle and imposed no further penalty on the remaining counts. On March 14, 2016, Williams filed a post-sentence motion for a new trial and for reconsideration of sentence. The court dismissed that motion on June 21, 2016. Williams filed a timely notice of

appeal followed by a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court issued a Rule 1925(a) opinion in which it concluded that Williams' appeal was untimely and did not address any of the claims Williams raised in his Rule 1925(b) statement. By order dated July 6, 2017, because there was a material dispute regarding the timeliness of Williams' appeal, this Court remanded the matter to the trial court to address the claims Williams raised in his Rule 1925(b) statement. This Court ultimately affirmed Williams' judgment of sentence on December 21, 2017.

Williams filed a *pro se* PCRA petition on January 12, 2018. Counsel was appointed and, on May 14, 2018, filed an amended petition. The Commonwealth filed its answer on June 12, 2018. Finding that Williams' petition lacked merit and that no further purpose would be served by further proceedings, the PCRA court issued a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907 on October 4, 2018. Williams filed a response on October 15, 2018. The PCRA court dismissed his petition without a hearing on November 2, 2018. This timely appeal follows, in which Williams raises the following claim for our consideration:

> Did the trial court err in failing to conduct an evidentiary hearing to determine if trial counsel's failure to prepare for the second jury trial in this matter rose to the level of ineffective assistance of counsel when trial counsel admitted that he was unprepared and that he had not obtained transcripts from the first jury trial to utilize during cross-examination in the second trial and when trial counsel's conduct during the second trial clearly demonstrated that counsel was unprepared to zealously litigate the case?

Brief of Appellant, at 7 (unnecessary capitalization omitted).

We begin by noting our standard and scope of review of the denial of PCRA relief:

> On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error. Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level. The PCRA court's credibility determinations, when supported by the record, are binding on this Court. However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Medina*, 92 A.3d 1210, 1214–15 (Pa. Super. 2014) (citations, quotation marks and brackets omitted). "[A]s to ineffectiveness claims in particular, if the record reflects that the underlying issue is of no arguable merit or no prejudice resulted, no evidentiary hearing is required." *Commonwealth v. Baumhammers*, 92 A.3d 708, 726–27 (Pa. 2014). "Thus, to obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." *Commonwealth v. D'Amato*, 856 A.2d 806, 820 (Pa. 2004).

Williams' claim asserts the ineffectiveness of trial counsel. Accordingly, we begin by noting that counsel is presumed effective, and it is a petitioner's burden to prove otherwise. *Commonwealth v. Ousley*, 21 A.3d 1238, 1244 (Pa. Super. 2011). In order to prove that counsel was ineffective, a petitioner must plead and prove each of the following: "(1) the underlying legal claim

is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error." ***Commonwealth v. Grove***, 170 A.3d 1127, 1138 (Pa. Super. 2017) (citation omitted). A failure to plead or prove any prong will defeat an ineffectiveness claim. ***Id.*** Further,

> [a] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place.

***Commonwealth v. Ligon***, 206 A.3d 515, 519 (Pa. Super. 2019) (citation omitted).

Williams' ineffectiveness claim concerns the "use of force" element of the offense of robbery of a motor vehicle.[2] Williams argues:

> During the first trial, the victim testified that there had been a "tussle" between himself and [Williams] in the driver's seat of the car, but there was no mention during the first trial of [Williams]

---

[2] Williams' claim relates solely to his conviction for robbery of a motor vehicle. A person commits robbery of a motor vehicle if he steals or takes a motor vehicle from another person in the presence of that person or any other person in lawful possession of the motor vehicle. 18 Pa.C.S.A. § 3702(a). The Commonwealth must prove the following elements to establish the commission of this crime: (1) the stealing, taking, or exercise of unlawful control over a motor vehicle; (2) from another person in the presence of that person or any other person in lawful possession of the vehicle; (3) accomplished by the use of force, intimidation, or the inducement of fear in the victim. ***Commonwealth v. Bonner***, 27 A.3d 255, 258 (Pa. Super. 2011), citing ***Commonwealth v. George***, 705 A.2d 916, 920 (Pa. Super. 1998).

using his left arm in an attempt to physically prevent the victim from getting into the car and removing the key. No specific use of force was testified to during the first trial and that was the defense theory of the case as demonstrated by trial counsel's closing argument.

Brief of Appellant, at 17-18 (quotation marks and citations to record omitted).

Williams argues that counsel was ineffective for failing to obtain the transcripts of the first trial in order to impeach the victim's allegedly more specific testimony regarding Williams' use of force at the second trial. He is entitled to no relief.

Pursuant to Pa.R.E. 613, "[a] witness may be examined concerning a prior inconsistent statement made by the witness to impeach the witness's credibility." Pa.R.E. 613(a). However, "[m]ere dissimilarities or omissions in prior statements . . . do not suffice as impeaching evidence; the dissimilarities or omissions must be substantial enough to cast doubt on a witness' testimony to be admissible as prior inconsistent statements." ***Commonwealth v. Luster***, 71 A.3d 1029, 1043 (Pa. Super. 2013) (citations omitted).

In its opinion, the PCRA court thoroughly reviewed and compared the victim's testimony at the first and second trials and concluded that the victim's testimony at the second trial was not inconsistent with the testimony he offered at the first trial. As such, the earlier testimony could not have been used to impeach the victim at the second trial under Rule 613. Accordingly, the court found Williams' underlying claim, and therefore his ineffectiveness claim, meritless. ***Grove***, ***supra***. Further, because the court's determination as to whether any inconsistency existed in the victim's testimony was

- 6 -

controlled by the trial transcript, the PCRA court found that a hearing was not required. *See* PCRA Court Opinion, 4/17/19, at 10, citing ***Commonwealth v. Springer***, 961 A.2d 1262, 1264 (Pa. Super. 2008) (hearing not necessary if court can determine from record that no genuine issues of material fact exist).

We have reviewed the record, the briefs, and the applicable law, and we concur with the PCRA court's assessment of Williams' claim. Accordingly, we affirm on the basis of Judge Gibbons' thorough and well-written opinion and instruct the parties to attach a copy of that opinion in the event of further proceedings.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/3/19

**IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA**
**CRIMINAL DIVISION**

COMMONWEALTH OF PENNSYLVANIA  :     No. CP-09-CR-0003573-2015

v.              :

NORMAN WILLIAMS           :

## OPINION

Petitioner, Norman Williams, appeals from this Court's order, dated December 22, 2016, denying his request for relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq.*, without a hearing in accordance with Pa.R.Crim.P. 907.

On April 19, 2015, Petitioner was charged with Robbery of a Motor Vehicle, 18 Pa.C.S. § 3702(a), Theft by Unlawful Taking, 18 Pa.C.S. § 3921(a), Receiving Stolen Property, 18 Pa.C.S § 3925(a), Unauthorized Use of a Motor Vehicle, 18 Pa.C.S. § 3928(a), Recklessly Endangering Another Person, 18 Pa.C.S. § 2705, Disorderly Conduct, 18 Pa.C.S. § 5503(a)(1) and summary Harassment, 18 Pa.C.S. § 2709(a)(1). On Friday, September 11, 2015, a jury was selected and trial commenced. The Commonwealth called three witnesses, the victim, Patrick Farmer, and two of the responding police officers. The defense presented no evidence and the case proceeded to closing arguments. On Monday, September 14, 2015, the jury was instructed. That same date, the jury found Petitioner guilty as to Theft by Unlawful Taking and Receiving Stolen Property and not guilty of Disorderly Conduct. The jury was deadlocked with respect to the charges of Robbery of a Motor Vehicle, Recklessly Endangering Another Person and Unauthorized Use of a Motor Vehicle. This Court found Petitioner guilty of summary Harassment and declared a mistrial as to those charges on which the jury could not reach a verdict.

On October 19, 2015, trial commenced on the outstanding charges.[1] On October 20, 2015, the jury found Petitioner guilty of Robbery of a Motor Vehicle, Recklessly Endangering Another Person and Unauthorized Use of a Motor Vehicle.

On October 30, 2015, the Defendant was sentenced to a term of incarceration of 10 to 20 years for Robbery of Motor a Vehicle; he received no further penalty on the other counts. On November 10, 2015, eleven days after sentence was imposed, trial counsel, Nathan Criste, Esquire, filed a post-sentence motion.[2] The post-sentence motion consisted of a motion for reconsideration of sentence. A hearing was scheduled for December 28, 2015. On that date, new counsel, Lonny Fish, Esquire, entered his appearance on behalf of the Defendant. The post-sentence motion hearing was continued to March 9, 2016. On that date, the Defendant's motion to modify sentence was granted; he was resentenced to a term of incarceration of 6 to 20 years on count one, Robbery of a Motor Vehicle. Once again, no further penalty was imposed on the remaining counts.

On March 14, 2015, David M. Simon, Esquire, entered his appearance on behalf of the Defendant and filed a second post-sentence motion challenging the weight of the evidence and requesting reconsideration of the sentence imposed on March 9, 2016. That motion was denied as untimely filed by Order dated June 21, 2016. The Defendant filed notice of appeal on July 25, 2016. On September 9, 2016, this Court filed an Opinion as required by Pa.R.A.P. 1925(a). By

---

[1] Prior to jury selection, defense counsel requested a continuance on the day of trial in order to obtain the testimony from the first trial and to have more time to prepare the case. After review, this Court found the basis for the continuance to be inadequate and therefore denied the request. Specifically this Court found that the case did not involve complex legal or factual issues, that only three witnesses were called in the first trial, the victim and the two police officers who arrived on scene, that trial counsel had represented Petitioner at his first trial and had more than a month to prepare for the second trial and that trial counsel also had sufficient time to obtain the transcript of the first trial which encompassed only 71 pages of testimony. Supplemental Opinion, 7/24/17, at 4-5.

[2] By order dated November 19, 2015, this Court granted Petitioner's request to file the post-sentence motion *nunc pro tunc* in accordance with the requirements set forth in Commonwealth v. Dreves, 839 A.2d 1122, 1128 (Pa.Super.2003) (*en banc*).

2

order dated July 6, 2017, the matter was remanded with directions that this Court address the claims raised in Petitioner's second post-sentence motion. On July 24, 2017, this Court filed a Supplemental Opinion. On December 21, 2017, the judgment of sentence was affirmed.

On January 12, 2018, Petitioner filed a *pro se* PCRA petition. By order dated April 9, 2018, PCRA counsel was appointed and directed to file an amended petition. On May 14, 2018, PCRA counsel filed an amended petition. On June 12, 2018, the Commonwealth filed its answer. After reviewing Petitioner's amended petition, the Commonwealth's answer and the record in this case, this Court found that the claim raised in Petitioner's amended petition lacked merit, that Petitioner was not entitled to relief and that no further purpose would be served by any further proceedings. Therefore, on October 4, 2018, this Court issued a Notice of Intent to Dismiss Petitioner's amended petition without a hearing pursuant to Pa.R.Crim.P. 907. Petitioner was granted twenty days from the date of the Notice to file a response. Petitioner filed a response on October 15, 2018. Upon review of Petitioner's response to the Notice of Intent to Dismiss, this Court determined that Petitioner failed to raise a genuine issue of material fact and failed to set forth a claim upon which relief could be granted and therefore entered an order dated November 2, 2018 denying Petitioner's request for PCRA relief without a hearing. Petitioner filed a timely Notice of Appeal on November 30, 2018.

In his amended PCRA petition, Petitioner does not challenge the jury's verdicts in the first trial. He seeks only to overturn the jury's verdicts in the second trial. Amended Petition for Relief under the Post-Conviction Relief Act, 5/14/18, ¶ 9.

To obtain PCRA relief, Petitioner must *plead and prove* by a preponderance of the evidence that his conviction resulted from one of the enumerated grounds for relief set forth in 42 Pa.C.S. §9543(a)(2); Commonwealth v. Reid, 627 Pa. 151, 169, 99 A.3d 470, 481 (2014). In the

3

instant case, Petitioner relies on 42 Pa.C.S. § 9543(a)(2)(ii), "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place."

Counsel is presumed to have rendered effective assistance. Commonwealth v. Reid, 99 A.3d at 481. In order to obtain relief on a claim of ineffective assistance of counsel, Petitioner must establish that (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); Commonwealth v. Reid, 99 A.3d at 481.

Petitioner argues that trial counsel was ineffective for failing to properly prepare for the second trial, specifically, that he failed to obtain the notes of testimony of the first trial in order to impeach the victim's testimony in the second trial.

The evidence presented at the second trial was summarized in this Court's Supplemental Opinion for purposes of direct appeal as follows:

> In the instant case, the evidence established that, on the evening of April 19, 2015, the victim, Patrick Farmer, drove his automobile into the Wawa gas station at 2250 Lincoln Highway, Bensalem Township, Bucks County. [N.T. 10/19/15, pp. 97-98, 121.] The victim parked his car next to the gas station air pump. [N.T. 10/19/15, pp. 58-63.] He left his car running, with the keys in the ignition, when he got out of the car to add air the tires. He retrieved the air pump hose and knelt by the fr~~~~ then heard his vehicle's door open. [N.T. 10/19/15, pp. 63-64, 80.] When he stood, he saw [Petitioner] in the driver's seat. [N.T. 10/19/15, p. 65.] The victim ran to the front of his vehicle, opened the driver's door, and attempted to reach in and remove the key from the ignition. [N.T. 10/19/15, pp. 66-70.] [Petitioner] drove in reverse for about thirty yards while the victim struggled for the key. [N.T. 10/19/15, pp. 66, 69-70, 81, 84-85.] [Petitioner] used his left arm in an attempt to physically prevent the victim from getting into

4

the car and removing the key. Despite [Petitioner's] efforts, the victim was able to pull the key from the ignition. [N.T. 10/19/15, pp. 67-70.] The victim then retrieved a baseball bat from the trunk of his vehicle and ordered [Petitioner] out of the vehicle and to the ground. Police arrived shortly thereafter. [N.T. 10/19/15, pp. 71-72, 90-91, 93.]

Supplemental Opinion, Direct Appeal, 7/24/17, at 2-3.

In support of his claim of ineffective a...

"as a result of not having the transcripts from the first trial, where force was a question by the jury and needed to be established as an element of the more serious felony of Robbery, Mr. Criste could not adequately point out the inconsistencies between Mr. Farmer's testimony at the first trial and his testimony at the second trial. In the first trial, there was no testimony by Mr. Farmer about Petitioner's left arm pushing Mr. Farmer or "blocking" him, which likely was the difference in the needed element of use of force that the Commonwealth had to prove beyond a reasonable doubt"

Amended Petition for Relief under the Post-Conviction Relief Act, 5/14/18, ¶ 11.

During the second trial, the victim described Petitioner's use of physical force to enter the vehicle as follows:

Q. When you jumped into the car, did the car stop?

A. No.

Q. Now if you can describe for us, this may be difficult, how did you kind of climb on top of this guy?

A. Well, I kind of had one leg on his leg, and then my other knee was hanging out, as I reached in and was trying to reach around as he was like trying to stop me from getting the keys out of the ignition.

A. Okay. So you have one leg out and one leg kind of in the car and you are sideways on top of him?

A. Right.

Q Where were his arms?

A. One arm was like – kind of like trying to keep me from getting in and on the steering wheel, and then the other one was on the gear box.

5

Q. All right. I want to talk about what you guys were doing with your bodies and your hands now. So you said he had his one arm – what was she doing with his one arm?

A. He had it up like blocking.

Q. What do you mean by blocking you? Give us a little description.

A. Trying to restrain me, you know. I mean, if you can see like – imagine like somebody trying to drive the car, but also trying to, you know, like keep me out of the car

Q. So he has one arm on the wheel that's also trying to prevent you from getting in?

A. Right.

*** 

Q. The other arm, what is he doing with the other arm?

A. It is on the gearshift.

Q. Now you get into the car. What do you start doing?

A. Try to get the key out of the ignition. That's my first priority.

Q. Okay. Were you able to do that right away?

A. Not right – not immediately, no.

Q. Why is that?

A. Because he was trying to stop me from doing it.

Q. How was he trying to stop you?

A. By – like I said previous, from trying to block me from getting in the car.

Q. Which hand, do you remember, was he using to block you?

A. Was this the same hand that would have been on the steering wheel?

A. Right.

N.T. 10/19/15, at 67-69.

During the first trial, the victim described Petitioner's use of physical force inside the vehicle as follows:

Q. You see this man seated in your car with the door shut. What do you do next?

6

A. Run around the front of the car and open the door. And *we got into a tussle* while he put the car into reverse as I tried to get the keys out of the ignition.

\*\*\*

Q. So you go to open the door and there's some resistance. What happens next?

A. He put the car in reverse. The car is rolling back. *We end up in a tussle* for me to get the keys out of the ignition.

\*\*\*

Q. So you get the door open. What do you do next?

A. Jump in the – in the driver's side on top of [Petitioner] and *tussle with him* to get him to get out of the car and I reach for the keys in the ignition.

\*\*\*

Q. So the car is moving. You open the door. You jump on top of [Petitioner]. Can you give us some details about what was going on between you and this man when you jumped in the car?

A. Well, he basically – I guess he was just focused on taking the car like just *keys* out of the ignition.

Q. When you say tussle, what was he doing?

A. *Trying to resist me from getting the key out of the ignition.*

Q. Do you remember if there was any grabbing or anything like that?

A. Not totally. Everything happened so fast, but it was like, you know, *him trying to block me and keeping me from getting into the car and getting the keys* out of the ignition.

Q. When you say block, what do you mean he was trying to block you?

A. He put his arms up and his hands and everything. While he was, you know, doing that, he actually was like putting the car in reverse and backing up with the car while I was –

\*\*\*

Q. What is the first thing you did?

7

A. Well, the first thing was just trying to get into the car. So once I got into the car, I was trying to reach for the shift to put the car in park.

Q. While you were doing that, [Petitioner] was underneath you; is that right?

A. Yeah. And *he was tussling with me for me not to put it into park.* So that's when I went for the keys in the ignition.

Q. When you say he was tussling with ... ... ... ... off of him?

A. *He was trying to stop me from putting it into park.*

Q. Did he try to stop you from taking the keys out of the ignition?

A. Yes.

N.T. 9/11/15, at 55-59, 77.

Pennsylvania Rule of Evidence 613 provides, in relevant part, that "[a] witness may be examined concerning a prior *inconsistent* statement made by the witness." Pa.R.E. 613(a) (emphasis added). However, "mere dissimilarities or omissions in prior statements ... do not suffice as impeaching evidence; the dissimilarities or omissions must be substantial enough to cast doubt on a witness' testimony to be admissible as prior inconsistent statements." Commonwealth v. Luster, 71 A.3d 1029, 1043 (Pa.Super.2013) (citations omitted) (quotation marks omitted). Petitioner's assertion that there was "no testimony by [the victim] about Petitioner's left arm pushing [him] or 'blocking' him" is belied by the record. The victim repeatedly referred to "tussling" and specifically described Petitioner's attempts to "block" him from stopping the vehicle. Petitioner has therefore failed to plead or prove that the victim made a prior inconsistent statement in the first trial that could have been used to impeach his testimony in the second trial. Having failed to establish that the underlying claim has arguable merit, his claim of ineffective assistance of counsel fails.

8

Assuming *arguendo* that some inconsistency could be discerned from the testimony, the inconsistency would have been of little import since the overall substance of the victim's testimony remained consistent during the course of both trials. Petitioner has therefore failed to establish that trial counsel's failure to impeach the victim with that inconsistency "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place as required. 42 Pa.C.S. § 9543(a)(2). Stated another way, Petitioner failed to establish the necessary degree of prejudice which would warrant a finding of ineffective assistance of counsel, *i.e.* a reasonable probability that but for counsel's failure to present evidence of a prior inconsistent statement, the result of the trial would have been different. Strickland v. Washington, 466 U.S. at 687; Commonwealth v. Reid, 99 A.3d at 481.

Petitioner's argument regarding the significance of any inconsistency as to the details of the physical confrontation inside the vehicle is not persuasive. Petitioner's argument not only overlooks the fact that the victim's testimony that there was a physical altercation was uncontroverted, it also overlooks the undisputed evidence that while Petitioner struggled with the victim in an attempt to remove the key from the ignition, Petitioner used the vehicle itself as a means of force. Specifically, the evidence established that while the victim's body was hanging out of the car, Petitioner drove in reverse for approximately thirty yards before the victim was able to pull the keys from the ignition and stop the car.[3] N.T. 10/19/15, at 66, 67-70, 81, 84-85.

"A petitioner is not entitled to a post-conviction hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact and the petitioner is not entitled to post-conviction collateral relief, and no purpose would be served

---

[3] The jury's verdicts of guilty as to Unauthorized Use of a Motor Vehicle and Recklessly Endangering Another Person demonstrates that the jury found that Petitioner engaged in this conduct.

9

by any further proceedings." Commonwealth v. Smith, 121 A.3d 1049, 1052 (Pa.Super. 2015) (citation omitted) (quotation marks omitted).

In the instant case, Petitioner's claim was based upon an alleged inconsistency in the victim's testimony in the first and second trials. That claim raises no issue of material fact since the determination as to whether any inconsistency exists is controlled by the trial transcript A hearing was therefore not required. Commonwealth v. Springer, 961 A.2d 1262, 1264 (Pa.Super. 2008) (citation omitted) (A hearing is not necessary "if the PCRA court can determine from the record that no genuine issues of material fact exist"). Moreover, a hearing was not required based on this Court's determination that the underlying issue is of no arguable merit and that, assuming the underlying issue is meritorious, no prejudice resulted. Commonwealth v. Baumhammers, 625 Pa. 354, 385, 92 A.3d 708, 726–27 (2014) (citation omitted) ("[A]s to ineffectiveness claims, if the record reflects that the underlying issue is of no arguable merit or no prejudice resulted, no evidentiary hearing is required).

For the aforementioned reasons, Petitioner's request for PCRA relief was denied without a hearing.

BY THE COURT:

4-17-19
**Date**

**DIANE E. GIBBONS, J.**

10

William Murphy, Assistant District Attorney
Bucks County District Attorney's Office
100 N. Main Street
Doylestown PA 18901


Bonnie-Ann Brill Keagy, Esquire
22 West Airy Street
Norristown PA 19401