J-S08001-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TAISHA LESETTE SANTIAGO | : | |
| | : | |
| Appellant | : | No. 1450 WDA 2018 |

Appeal from the Judgment of Sentence Entered August 9, 2018
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002661-2017

BEFORE:  OLSON, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                    FILED MARCH 30, 2020

Appellant, Taisha Lesette Santiago, appeals from the judgment of sentence entered on August 9, 2018 following her jury trial convictions for second-degree murder,[1] criminal conspiracy to commit robbery,[2] and two counts of recklessly endangering another person.[3]  Upon review, we are constrained to quash this appeal.

The record reveals the following chronology of events.  In June 2018, following a five-day jury trial, Appellant was convicted of the aforementioned crimes.  On August 9, 2018, the trial court sentenced Appellant to life without parole.  Appellant did not file a post-sentence motion.  On August 29, 2018,

_____

[1] 18 Pa.C.S.A. § 2502(b).

[2] 18 Pa.C.S.A. §§ 903 and 3701(a)(1)(iii).

[3] 18 Pa.C.S.A. § 2705.

Appellant filed a motion for extension of time to file an appeal. Appellant's Motion for Extension of Time to File an Appeal, 8/29/18, at 1. On August 30, 2018, the trial court granted Appellant's motion. Trial Court Order, 8/30/18, at 1. Appellant then filed her notice of appeal on October 8, 2018, more than 60 days from the imposition of her sentence. On appeal, Appellant challenges the sufficiency of the evidence introduced in support of her convictions.

Before reviewing Appellant's claims, we must address the timeliness of her appeal. The timeliness of an appeal implicates our jurisdiction, which we may raise sua sponte. Commonwealth v. Andre, 17 A.3d 951, 957–958 (Pa. Super. 2011). In a criminal case, if no post-sentence motion is filed, a notice of appeal must be "filed within 30 days of the imposition of the judgment of sentence in open court." Pa.R.A.P. 903(a); see also Pa.R.Crim.P. 720(A)(3). Courts cannot enlarge the time for filing an appeal. Commonwealth v. Patterson, 940 A.2d 493, 498 (Pa. Super. 2007) ("A court may not enlarge the time for filing a notice of appeal as a matter of grace or indulgence.").

Herein, Appellant was sentenced on August 9, 2018. At that time, "[she] was provided with sufficient and accurate information regarding the time requirements for filing a post-sentence motion and for filing a notice of appeal to this Court." Commonwealth v. Dreves, 839 A.2d 1122, 1129 (Pa. Super. 2003); see also N.T. Sentencing, 8/9/18, at 2-4. Appellant, however, did not file a post-sentence motion and, as such, she needed to file her notice

of appeal on or before September 10, 2018.[4]  Appellant, however, failed to do so.  Instead, Appellant's counsel filed a motion for an extension of time to file an appeal and did not file a notice of appeal until October 8, 2018, nearly 30 days after the time for filing a notice of appeal passed.  As such, Appellant's appeal is manifestly untimely.  We therefore lack jurisdiction and are precluded from addressing the merits of Appellant's claims.  Accordingly, we quash this appeal.[5]

_____

[4] Thirty days after August 9, 2018 – September 8, 2018 – was a Saturday. Therefore, Appellant had until Monday, September 10, 2018 to timely file a notice of appeal.  See 1 Pa.C.S.A. § 1908.

[5] This Court has, at times, declined to quash an appeal if "the failure to file a timely appeal [results from] a breakdown in the court system." Commonwealth v. Stansbury, 219 A.3d 157, 160 (Pa. Super. 2019).  A breakdown generally occurs if a trial court misstates or misinforms an appellant regarding the rules governing post-sentence motions or the time for filing an appeal.  See Commonwealth v. Coolbaugh, 770 A.2d 788, 791 (Pa. Super. 2001) (explaining that this Court may decline to quash an untimely appeal if "the problem arose as a result of the trial court's misstatement of the appeal period, which operated as a breakdown in the court's operation."). In the instant appeal, the trial court properly informed Appellant of her appellate rights at sentencing.  See N.T. Sentencing, 8/9/18, at 2-4.  The trial court, however, granted Appellant's motion requesting an extension of time for filing an appeal which it lacked the power to do.  See Reading Anthracite Co. v. Rich, 577 A.2d 881, 886 (Pa. 1990) ("Trial courts . . . do not have the jurisdiction or power to extend or obviate the time in which an appeal may be lodged in [] appellate courts.").  We are unable to locate any published authority holding that a trial court's errant grant of an appellant's request to extend the appeal period constitutes a breakdown in the court system.

Unpublished decisions from this Court, however, have held that the erroneous grant of a motion or petition to extend the time for filing a notice of appeal is a breakdown in the court's system.  See Commonwealth v. Brown, 2017 WL 1292384, *1, *2 n.7 (Pa. Super. April 6, 2017) (explaining that a

Appeal quashed.

Judge Musmanno joins.

Judge McCaffery files a Dissenting Memorandum.

_____

breakdown in the court system occurred "because the trial court erroneously extended the time for [a]ppellant to file his appeal."); Commonwealth v. Keel, 2013 WL 11256504, *1, *4 (Pa. Super. Aug. 22, 2013) (holding that "where counsel's error in filing a late notice of appeal is attributable to the PCRA court's purported extension of the appeal period . . . a breakdown in operation of the court occur[s]."). In making this determination, the aforementioned panels cited this Court's prior decision in Coolbaugh to support the conclusion that a trial court's grant of a motion to extend the time to file an appeal misleads a defendant and, as such, a breakdown occurs. Coolbaugh, however, does not stand for this proposition. Indeed, the Coolbaugh Court did not determine that a breakdown occurred because the trial court erred in granting a motion to extend the time for filing an appeal. Rather, a breakdown was found because, at the time of sentencing, the trial court misstated the rules governing the time for filing a post-sentence motion and an appeal. See Coolbaugh, 770 A.2d at 791. Accordingly, we conclude that Brown and Keel misapplied Coolbaugh in holding that a trial court's errant grant of a motion to extend the time for filing an appeal constitutes a breakdown in the system and decline to so find in the present case. Instead, we conclude that because the trial court correctly advised Appellant of her appellate rights at sentencing, its subsequent error in granting Appellant's motion for an extension of time to file an appeal does not constitute a breakdown in the court system that enables us to consider the merits of Appellant's claims. See Dreves, 839 A.2d at 1129 n. 7 (explaining that because the trial court correctly informed the appellant of his appellate rights and did not "misstate[] or misinform[] the parties regarding the rules governing . . . the time for filing an appeal" its subsequent error did not constitute a breakdown in the court system).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/30/2020