J-S18031-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PIERRE BONAPARTE | : | |
| | : | |
| Appellant | : | No. 1377 MDA 2021 |

Appeal from the Judgment of Sentence Entered May 6, 2021
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0002324-2019

BEFORE:  BENDER, P.J.E., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:          **FILED SEPTEMBER 07, 2022**

Pierre Bonaparte (Appellant) appeals from the judgment of sentence imposed in the Luzerne County Court of Common Pleas following his plea of *nolo contendere* to one count of sexual assault.[1]  Appellant contends the trial court abused its discretion when it denied his pre-sentence motion to withdraw his plea.  We are constrained to quash this appeal as untimely filed.

A detailed recitation of the facts underlying Appellant's plea is not required.  On December 5, 2017, Appellant sexually assaulted J.H. (Victim) in an apartment in Plymouth Borough.  *See* Affidavit of Probable Cause, 8/7/18, at 1.  Victim was an acquaintance of Appellant's paramour's son.  *Id.*  Upon her arrival at the hospital for a sexual assault examination, Victim saw Appellant and identified him to police as her assailant.  *Id.*  After making eye

---

[1] 18 Pa.C.S. § 3124.1.

contact with Victim and a police officer, who knew him previously, Appellant fled the hospital. *Id.* He was later apprehended and charged with rape, aggravated indecent assault,[2] and sexual assault.

On October 21, 2020, prior to the start of his scheduled jury trial, Appellant pled *nolo contendere* to one count of sexual assault, in exchange for which the Commonwealth withdrew the remaining charges and agreed not to oppose Appellant's application for intermediate punishment with house arrest.[3] *See* N.T. Plea H'rg at 11-12, 16-17. The trial court explained to Appellant that he would have to apply for house arrest, and if he qualified for it, the court would then consider it at sentencing, but it was not "guarantee[d]." *Id.* at 9-10.

On April 6, 2021, the trial court conducted a hearing pursuant to the Sexual Offenders Registration and Notification Act (SORNA),[4] and determined Appellant met the criteria for classification as a sexually violent predator (SVP).[5] *See* Order, 4/6/21. Appellant failed to appear for that hearing. He did appear, however, for his sentencing hearing on May 6, 2021.

---

[2] 18 Pa.C.S. §§ 3121(a)(1) and 3125(a)(2), respectively.

[3] The Commonwealth agreed to the proposed sentence because Appellant "has a sickly mother who he helps care for." N.T. Plea H'rg, 10/21/20, at 1.

[4] *See* 42 Pa.C.S. §§ 9799.10-9799.75.

[5] *See* 42 Pa.C.S. § 9799.24 (SVP assessments).

At the outset, Appellant's counsel noted that Appellant had not completed the steps required to apply for intermediate punishment and house arrest, and requested additional time in order for him to do so. *See* N.T. Sentencing H'rg, 5/6/21, at 3. The trial court denied that request and stated it intended to impose a standard range sentence. *See id.* at 3, 5. Counsel then informed the court that Appellant wished to withdraw his plea. *Id.* at 6-7. The court immediately denied the request, and proceeded to impose a standard range sentence of 60 to 120 months' imprisonment. *Id.* at 7, 11. After the sentence was imposed, Appellant stated that he wanted to withdraw his plea because he was innocent. *Id.* at 12.

On May 26, 2021, Appellant filed both a petition seeking permission to file post-sentence motions *nunc pro tunc*, as well as a proposed post-sentence motion. *See* Appellant's Petition to File Post-Sentence Motion *Nunc Pro Tunc* and Post-Sentence Motion, 5/26/21. The trial court took no action on the petition or motion until June 9, 2021, when it entered an order directing transcription of the guilty plea and sentencing hearings. Order, 6/9/21. Thereafter, on September 22, 2012, the trial court entered two orders: (1) granting Appellant's petition to file post-sentence motions *nunc pro tunc*; and (2) denying Appellant's post-sentence motion. Appellant filed the present notice of appeal on October 22, 2021.[6]

---

[6] Appellant complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

As noted above, Appellant's sole issue on appeal asserts the trial court "abused its discretion when it denied [his] motion to withdraw his plea prior to sentencing[.]" Appellant's Brief at 7. However, before we may consider Appellant's claim, we must first determine if the appeal was timely filed. "We lack jurisdiction to consider untimely appeals, and we may raise such jurisdictional issues *sua sponte.*" **Commonwealth v. Capaldi**, 112 A.3d 1242, 1244 (Pa. Super. 2015).

It is well-established that, when no post-sentence motion is filed, a notice of appeal must be filed within 30 days of the imposition of sentence. **See** Pa.R.A.P. 903(c)(3); Pa.R.Crim.P. 720(A)(3). However, if a defendant files a **timely** post-sentence motion – "**no later than ten days** after imposition of sentence" — the appeal period does not begin to run until the post-sentence motion is denied by the court or by operation of law. Pa.R.Crim.P. 720(A)(1), (2)(a)-(b) (emphasis added). It is also well-settled that "[a]n untimely post-sentence motion does not toll the appeal period." **Capaldi**, 112 A.3d at 1244.

Here, Appellant's sentence was imposed on May 6, 2021. Therefore, he had until May 17th to file a timely post-sentence motion.[7] Because he failed

---

[7] The tenth day, May 16, 2021, fell on a Sunday; thus, Appellant had until Monday, May 17th to file a timely post-sentence motion. **See** 1 Pa.C.S. § 1908.

to do so, he was required to file a notice of appeal no later than June 7, 2021.[8] His notice of appeal filed on October 22, 2021, is facially untimely.

We recognize, however, that a trial court may grant a defendant permission to file a post-sentence motion *nunc pro tunc*.  In order to do so, both the defendant and the court must follow the procedures outlined by this Court in **Commonwealth v. Dreves**, 839 A.2d 1122 (Pa. Super. 2003) (*en banc*).  First, within the 30-day appeal period, the defendant must petition the trial court to file a post-sentence motion *nunc pro tunc*, and "demonstrate sufficient cause, i.e., reasons that excuse the late filing."  **Id.** at 1128 (footnote omitted).  Next, the trial court must **expressly grant** *nunc pro tunc* relief **before** the expiration of the 30-day appeal period.  **Id.**  Indeed, "[t]he trial court's decision on a request to file a post-sentence motion *nunc pro tunc* must be rendered within 30 days of the imposition of sentence."  **Id.** at n.6.  If the defendant fails to request permission to file a *nunc pro tunc* motion, or the court fails to expressly grant permission within the requisite 30-day period, "the time for filing an appeal is neither tolled nor extended."  **Id.** at 1128.  Furthermore, the **Dreves** Court emphasized:  "The trial court's resolution of the merits of the late post sentence motion is no substitute for an order expressly granting *nunc pro tunc* relief."  **Id.** at 1129.

---

[8] The 30th day, June 5, 2021, fell on a Saturday; thus Appellant had until Monday, June 7th to file a timely notice of appeal.  **See** 1 Pa.C.S. § 1908.

In the present case, Appellant sought *nunc pro tunc* relief within the 30-day appeal period and provided a reason for the late filing. ***See*** Appellant's Petition to File Post-Sentence Motion *Nunc Pro Tunc* and Post-Sentence Motion at 1 (unpaginated) (counsel averred they were "out of work and unable to access" office space from May 14 to May 25, 2021, due to a 10-day COVID-19 exposure quarantine). Nevertheless, the trial court did not expressly (or impliedly) grant *nunc pro tunc* relief before the expiration of Appellant's 30-day appeal period on June 7, 2021. The trial court's September 22nd order, which purported to grant *nunc pro tunc* relief, was entered when the court no longer had jurisdiction and is, accordingly, a nullity. Thus, Appellant's notice of appeal filed on October 22, 2021, was untimely filed, and we are constrained to quash his appeal.[9]

Appeal quashed.

_____

[9] We note that this is not a case in which there was a breakdown in the operation of the courts which excused the untimely filing. ***See Commonwealth v. Patterson***, 940 A.2d 493, 498-500 (Pa. Super. 2007) (trial court's failure to inform defendant of his obligation to file notice of appeal within 30 days of imposition of sentence in order denying untimely post-sentence motion, which was filed before the expiration of appeal period, constituted breakdown of court and excused untimely appeal); ***Commonwealth v. Parlante***, 823 A.2d 927, 929 (Pa. Super. 2003) (trial court's misstatement of appeal period constituted breakdown in court operations and excused untimely appeal). Here, the trial court properly informed Appellant of the relevant appeal periods at the conclusion of his sentencing hearing. ***See*** N.T. Sentencing H'rg at 17-18.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 09/07/2022